## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ENZOLYTICS, INC.,** | : | **C.A. NO.** |
| | : | |
| Plaintiff, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **KONA CONCEPTS, INC.** | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Enzolytics, Inc. ("Plaintiff"), by and through undersigned counsel, brings this action for declaratory judgment against Defendant, Kona Concepts, Inc. ("Kona"), and alleges as follows:

### NATURE OF THE ACTION

1.      This action seeks declaratory relief pursuant to 28 U.S.C. §§ 2201, et seq. with respect to certain rights and obligations of the parties hereto.

2.      Plaintiff, Enzolytics, Inc. ("ENZC") is a Delaware corporation. Accordingly, ENZC is a citizen of Delaware.

3.      Defendant, Kona Concepts, Inc. ("Kona") is a Nevada corporation with its principal office and place of business in Boca Raton, Florida. Accordingly, Kona is a citizen of Nevada and Florida.

4.      This action arises out of Kona's continued insistence that ENZC is in breach of purported legal obligations to Kona under a contract to which ENZC was not a party, and which instead belong to ENZC's subsidiary.

1

5.      ENZC has been forced to defend claims brought by Kona in two separate actions previously filed by Kona.  ENZC now faces the prospect of additional litigation by Kona arising out of the same meritless claims.

## JURISDICTION AND VENUE

6.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201.

7.      This Court can provide the declaratory relief sought in this action because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction.

8.      Kona has continuously directed allegations against ENZC that ENZC is in breach of contractual allegations, as detailed herein.  Kona has further alleged in correspondences and in previous court filings that ENZC's 2020 restructuring, pursuant to DGCL 251(g) constituted a breach of ENZC's alleged obligations to Kona – which ENZC categorically denies.

9.      There exists a real, live, immediate and justiciable case or controversy between ENZC and Kona.

10.     This Court has subject matter jurisdiction over all claims asserted herein pursuant to 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(2) as this is a judicial district in which a substantial part of the events or omissions giving rise to the dispute have occurred.

## BACKGROUND

### *Kona Promissory Note*

12.　　This action arises out of Kona's allegations that ENZC is in breach of a March 9, 2017 convertible promissory note ("Kona Note") issued to Kona by Eco-Petroleum Solutions, Inc. ("Eco-Petroleum").

13.　　Eco-Petroleum is a predecessor to ENZC Sub, Inc., a *subsidiary* of ENZC.  ENZC itself, however, was never a party to the Kona Note.

14.　　By way of background, since February 2021, through a series of legal actions, none of which are currently pending, Kona has been attempting to force ENZC to comply with a "Notice of Conversion" based upon Kona's allegation that Kona had the contractual right to convert the Kona Note into ENZC common stock, despite the fact that ENZC was not a party to the Kona Note.

15.　　Kona has been attempting to force ENZC to issue its own common stock to Kona – the value of which is far in excess of $75,000.00.

16.　　Kona and Enzolytics have spent the greater part of 2021 disputing Kona's claims that ENZC owes obligations to Kona based upon the Kona Note.

17.　　What is more, these claims have been litigated *twice* at the initiation of Kona.  Kona previously filed two separate actions in Texas against ENZC, both in state court and federal court, both of which have been dismissed – without resolution of the substance of the claims.

18.　　Thereafter, the parties have attempted to resolve the issues outside of Court.  It has become clear that the parties cannot resolve this issue without judicial intervention and ENZC believes that further discussions would be futile in their current form.

19.　　Due to the imminent threat of suit, and the past suits filed by Kona, ENZC files suit here in Delaware, where it is incorporated and where the below referenced restructuring took place.

*251(g) Transaction*

20.     Plaintiff herein, ENZC, was not a party to, nor does it owe any obligations to Kona under the Kona Note.

21.     Kona's position stems from Kona's purported attempt to convert debt arising out of the Kona Note.

22.     Kona's position arises out of its improper attempt to convert the debt initially and further, its misunderstanding of ENZC's November 16, 2020 restructuring pursuant to DGCL 251(g) ("251(g) Transaction"). This transaction was disclosed in ENZC's public filings on November 23, 2020.

23.     On November 16, 2020, the public company which was the successor to Eco-Petroleum (the party to the Kona Note) changed its name to "ENZC Sub, Inc.".

24.     Immediately thereafter, on or about November 16, 2020, the following two new Delaware corporations were formed: Enzolytics, Inc. and Enzolytics Merger Corp. (an indirect, wholly-owned subsidiary of ENZC Sub, Inc.).

25.     Pursuant to the 251(g) Transaction, Enzolytics Merger Corp. then merged with and into ENZC Sub, Inc. and thereafter, ceased to exist.

26.     ENZC Sub, Inc. (the successor to Extreme Mobile), the party to the Kona Note, survived the merger as a direct wholly-owned subsidiary of ENZC, the Plaintiff in this action.

27.     Accordingly, as of November 16, 2020, any bona fide, valid and documented claims for monies owed by ENZC Sub, Inc. to creditors or claimants which existed prior to that date, (including the Kona Note) could still be valid.  However, the party owing those obligations would be ENZC Sub, Inc., *not* its parent, ENZC.

*Kona Has No Claim Against ENZC*

28.     As stated above, Kona has attempted to force ENZC to comply with Notices of Conversion based upon the purported conversion of the Kona Note, despite the fact that ENZC was not a party to either agreement.

29.     Kona's position is fundamentally flawed and inconsistent with well-settled legal principles.

30.     First, Kona failed to properly tender a Notice of Conversion prior to the 251(g) Transaction.

31.     Second, as result of the 251(g) Transaction, all of the assets and liabilities of ENZC Sub, Inc. stayed with ENZC Sub, Inc., which is wholly owned by ENZC, the plaintiff herein.

32.     Accordingly, Kona's request to convert the Kona Note of ENZC Sub, Inc. into shares of ENZC, the publicly traded parent, is mechanically impossible.

33.     ENZC has *not* affirmatively assumed the liabilities of the ENZC Sub, Inc., including the Kona Note.  Moreover, as it was incorporated in November 2020, ENZC did not even exist when the Kona Note was executed.

34.     The fact is that if the Kona Note can still be converted, it can be converted only into shares of common stock of ENZC Sub, Inc., not ENZC.

35.     Kona purports to have the right to convert the Kona Note into ENZC's common stock based upon the following:

      i.   November 14, 2020 email from Kona regarding the Kona Note;

      ii.  November 23, 2020 notice of Kona's conversion of the Kona Note;

**<u>November 14, 2020 Attempted Notice of Conversion</u>**

36.     As for the email dated November 14, 2020, which was sent prior to the 251(g) Transaction, this "request" was subsequently withdrawn on November 19, 2020 by Peter Aiello, on behalf of Kona and thus, is of no legal effect. As explained herein, this email was *not* a Notice of Conversion.

37.     In the November 14, 2020 email from Peter Aiello, on behalf of Kona, Kona requested free trading shares.  However, the November 14, 2020 email was not a valid Notice of Conversion.

38.     Significantly, the restrictive legend from any shares cannot be removed by a transfer agent without a valid legal opinion and proper supporting documentation, none of which was produced by Kona on November 14, 2020.

39.     Moreover, on November 15, 2020, Kona's representative sent multiple emails following up on the November 14, 2020 email.  At 2:28 PM, Kona's representative stated that he was not looking for the conversion to be done right away.

40.     Subsequently, Kona's representative unequivocally withdrew the November 14, 2020 request to convert the purported debts – acknowledging that the previous November 14, 2020 correspondence was not a formal submission.  Specifically, on November 19, 2020, Kona's representative instructed Enzolytics to "disregard prior email sent on Nov. 14,2020 [sic] requesting conversion of a portion of my debts."  Kona's representative further advised that he had instructed his attorney to send a "formal submission of my 'Notice of Conversion", based on the Terms in both Loan Agreements…"

41.     In fact, the November 19, 2020 withdrawal by Kona of the conversion was received before it was even possible for the transfer agent to issue the shares, as Kona had not produced a valid legal opinion or proper supporting documentation.

**Post 251(g) Transaction Conversion Notices**

42.     As for the conversion notice dated November 23, 2020, that notice post-dates the 251(g) Transaction and accordingly, is clearly an obligation of ENZC Sub, Inc., *not* its parent, ENZC.

*Kona's Previous Litigation of these Claims*

43.     As referenced above, Kona has now *twice* attempted to have these claims adjudicated in Texas – once in state court and once in federal court.

44.     Both attempts were unsuccessful.  The actions were dismissed and both actions were mere attempts by Kona to harass ENZC and cause ENZC to incur unnecessary costs.

45.     ENZC brings this action in Delaware as this Court is best positioned to adjudicate the rights and obligations of the parties, which are clearly and directly affected by the 251(g) Transaction.

46.     Any legitimate dispute questioning the validity and/or effect of the 251(g) Transaction should be heard in this Court, where both jurisdiction and venue would be proper.

47.     ENZC seeks here to obtain final resolution of Kona's claims and prevent further litigation.

**Litigation Filed By Kona in Texas State Court**

48.     In February 2021, Kona filed a petition in the District Court of Collins County Texas ("Texas State Court Action") seeking leave to take depositions of ENZC's officers, pursuant to Texas Rules of Procedure 202.

49.     In the Texas State Court Action, Kona requested pre-suit depositions to investigate claims related to the Kona Note.

50.     In the Texas State Court Action, Kona alleged that ENZC wrongfully failed to make conversions as demanded and that ENZC had instead, converted the instruments into "non-public shares of an Enzolytics subsidiary."

51.     On March 29, 2021, a hearing was held on the Texas State Court Action, and the Texas state court denied Kona's petition, based on Kona's failure to meet its burden to produce evidence to support the request for a deposition.

### Litigation Filed By Kona in USDC Eastern District of Texas

52.     As if that were not enough, after the dismissal of the Texas State Court Action, Kona continued its harassment of ENZC by filing additional claims against ENZC in federal court in Texas.

53.     Specifically, in April 2021, Kona filed a lawsuit in the Eastern District of Texas ("USDC Eastern District of Texas Litigation") against ENZC, asserting claims against ENZC arising out of the Kona Note.

54.     In the USDC Eastern District of Texas Litigation, Kona claimed that it was entitled to convert its debt under the Kona Note into shares of ENZC's common stock.

55.     For reasons unknown to ENZC, on June 9, 2021, Kona's counsel in the USDC Eastern District of Texas Litigation filed a motion to withdraw as counsel.

56.     On June 24, 2021, Kona voluntarily dismissed the USDC Eastern District of Texas Litigation.

**September 27, 2021 Correspondence from Kona to ENZC**

57.     After the dismissal of the aforementioned litigation in Texas, the instant dispute appeared to have subsided, with ENZC hearing nothing from Kona.

58.     However, Kona, through counsel, again corresponded to ENZC on September 27, 2021, again asserting Kona's position that ENZC is in breach of the Kona Note.

59.     Again, Kona has taken the flawed position that it is entitled to convert its debt under the Kona Note into shares of ENZC's common stock.

## COUNT I

### Declaratory Judgment

60.     ENZC repeats and realleges the foregoing allegations as if fully set forth herein.

61.     A controversy has arisen between ENZC and Kona with respect to Kona's allegations against ENZC, as set forth herein.

62.     The parties are in need of a declaratory judgment declaring their rights and obligations under the contracts described herein.

63.     ENZC seeks a judicial declaration that it does not owe any contractual duty to Kona under the Kona Note.

64.     The Kona Note is governed by New York substantive law.  To the extent, that this Court finds New York law relevant to its declaration, this Court has recognized that under New York law, a party who is not a signatory to a contract cannot generally be held liable for breaches of that contract. *British Telecomms. PLC v. Coxcom, Inc.*, No. 10-658-SLR, 2013 U.S. Dist. LEXIS 101845, at *6 (D. Del. July 22, 2013) (*citing Randall's Island Aquatic Leisure, LLC v. City of New York*, 92 A.D.3d 463, 938 (N.Y. App. Div. 2012).

65.     Similarly, in Delaware, it is well settled that only parties to a contract may be liable for breach of that contract. *Wenske v. Blue Bell Creameries, Inc.*, No. 2017-0699-JRS, 2018 Del. Ch. LEXIS 530, at *6 (Ch. Nov. 13, 2018).

66.     Moreover, under Delaware law, a parent corporation is not liable for the acts of its subsidiary merely because it owns (and votes) a majority of the subsidiary's stock or shares common shareholders, directors or officers with the subsidiary.  *Wenske v. Blue Bell Creameries, Inc.*, No. 2017-0699-JRS, 2018 Del. Ch. LEXIS 530, at *10 (Ch. Nov. 13, 2018).

67.     Accordingly, Kona's attempt to hold ENZC liable for the purported obligations of its subsidiary, ENZC Sub, Inc., the entity who is a party to the Kona Note, fails under both New York law and Delaware law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter an Order against Kona as follows:

A.  That the Court enter a judgment declaring that ENZC owes obligation to Kona under the Kona Note;

B.  That the Court enter a judgment declaring that ENZC has *not* breached any legal obligation to Kona under the Kona Note;

C.  That the Court enter a judgment awarding ENZC all costs and expenses incurred in this action, including but not limited to attorneys' fees; and

D. That the Court enter a judgment granting such additional or alternative relief as this

Court may deem just and proper.

Respectfully submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff, Enzolytics, Inc.*