# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZOLYTICS, INC, <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> KONA CONCEPTS, INC., <br><br> Defendant/Counterclaim Plaintiff. | C.A. No.: 1:21-cv-01600-RGA |

### DEFENDANT/COUNTERCLAIM PLAINTIFF KONA CONCEPTS. INC.'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF/COUNTERCLAIM DEFENDANT ENZOLYTICS, INC.'S MOTION TO DISMISS

**COZEN O'CONNOR**

*/s/ Kaan Ekiner*
Kaan Ekiner (DE No. 5607)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Tel: 302-295-2046
Email: kekiner@cozen.com

John J. Muldoon III (admitted *pro hac vice*)
**MULDOON & MULDOON, LLC**
111 West Washington Street
Suite 1500
Chicago, IL 60602
(312) 739-3550
jjm@muldoonlaw.com

Dated: June 14, 2022

*Counsel for Defendant/Counterclaim Plaintiff Kona Concepts, Inc.*

**TABLE OF CONTENTS**

**Page**

NATURE AND STAGE OF PROCEEDINGS ................................................................................ 1

SUMMARY OF ARGUMENT ....................................................................................................... 1

STATEMENT OF FACTS .............................................................................................................. 2

LEGAL STANDARD ..................................................................................................................... 4

ARGUMENT .................................................................................................................................. 5

I.   Under New York Law, The Implied Covenant Of Good Faith And Fair Dealing Imposes A Notice Requirement On The Kona Note ............................................................ 5

II.  ENZC is Estopped From Raising A Notice Defense ............................................................ 6

III. The Counterclaim Alleges A Distinct Breach of Contract Claim And Is Not Redundant .............................................................................................................................. 8

CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Armano v. Martin*,
    703 Fed. Appx. 111 (3d Cir. 2017) .................................................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................5

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) .........................................................................................4

*Erickson v. Pardus*,
    551 U.S. 89 (2007) ..........................................................................................................5

*Geren v. Quantum Chemical Corp.*,
    832 F.Supp. 728 (S.D.N.Y. 1993) ...............................................................................5, 6

*Goldston v. Bandwidth Technology Corp.*,
    52 A.D.3d 360, 859 N.Y.S.2d 651 (2008) ...................................................................5, 6

*Kromer v. Kromer*,
    177 A.D.2d 472 (N.Y. App. Div. 1991) ..........................................................................7

*Lum v. Bank of Am.*,
    361 F.3d 217 (3d Cir. 2004) ...........................................................................................5

*Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*,
    2021 WL 3794829 (D. Del. Aug. 26, 2021) ....................................................................8

*Perkins and Will Partnership v. Syska and Hennessy and Garfinkel, Marenberg
    and Associates*,
    376 N.Y.S.2d 533 (N.Y. App. Div. 1975) .......................................................................5

*PHL Variable Ins. Co. v. Helene Small Ins. Tr. ex rel. Wilm. Sav. Fund. Soc'y.,
    FSB*,
    2012 WL 5382905 (D. Del. Nov. 1, 2012) ......................................................................8

*Reach Acad. for Boys & Girls, Inc. v. Delaware Dep't of Educ.*,
    46 F. Supp. 3d 455 ..........................................................................................................4

*In re WL Homes*,
    534 F. App'x 165 (3d Cir. 2013) .....................................................................................7

*In re WL Homes LLC*,
    476 B.R. 830 (D. Del. 2012) ................................................................................................7

*Wright v. Liguori*,
    2009 WL 3149777 (D. Del.) ................................................................................................4

**Statutes**

8 *Del. C.* § 251 ............................................................................................................................1, 4

**Other Authorities**

Fed. R. Civ. Proc. 8 ........................................................................................................................4

Rule 12(b)(6) ...................................................................................................................................4

Defendant/Counterclaim Plaintiff Kona Concepts, Inc. ("Kona") submits this response in opposition to Plaintiff Enzolytics, Inc.'s ("ENZC") Motion to Dismiss (the "Motion"). (D.I. 27, 28). For the reasons stated below, the Motion should be denied.

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff initiated this action on November 12, 2021, seeking a declaratory judgment that it owes no obligations to Kona under a Convertible Promissory Note (the "Note") entered into on March 9, 2017. (D.I. 5, ¶ 27). On March 4, 2022, Kona filed its Answer to the Complaint, which included a Counterclaim against ENZC. (D.I. 13). On April 18, 2022, Kona filed its First Amended Counterclaim (the "Counterclaim") (D.I. 26), pursuant to a stipulation between the parties which provided that ENZC's response to the First Amended Counterclaim would be filed by May 6, 2022 (D.I. 24). In the First Amended Counterclaim, Kona alleges that ENZC breached certain obligations owed to Kona pursuant to the Note, namely, its failure to issue shares to Kona as obligated therein. (D.I. 26, ¶¶ 61-78). Plaintiff filed the Motion on May 6, 2022. (D.I. 27).

This is Kona's answering brief in opposition to ENZC's motion to dismiss.

## SUMMARY OF ARGUMENT

The facts underlying the 8 *Del. C.* § 251 merger (the "Merger") at issue embody the old saying—"where there's smoke, there's fire." Billy V. Ray ("Ray"), who holds himself out as a director or officer of ENZC, has been convicted of Securities Fraud and permanently enjoined from acting as a director or officer of a publicly traded company, such as ENZC. Some of the claims arising out of ENZC's wrongful conduct remain to be litigated another day.

Before this Court is ENZC's attempt at a technical out against Kona's Counterclaim. The Motion should be denied for the following reasons. *First,* under New York law, the implied covenant of good faith and fair dealing imposes a notice requirement on the Kona Note. *Second*, Kona has sufficiently pled that it provided notice to Kona under Section 6 of the Debentures, and

further, ENZC should be equitably estopped from asserting any notice defense. As pled in the Counterclaim, ENZC, through Ray and others, strung Kona along until the Merger was consummated in a blatant attempt to avoid honoring its contractual obligations and defraud Kona at the expense of insiders. *Third*, the Counterclaim is not a declaratory judgment counterclaim, so it is not redundant as a matter of law. Neither is it redundant based on the facts pled in the Counterclaim.

## STATEMENT OF FACTS

On March 9, 2017, Kona entered into a Convertible Promissory Note (the "Note") with ENZC's predecessor-in-interest, Eco-Petroleum Solutions, Inc. Under the terms of the Note, Kona provided approximately $100,000 at an 8% annual interest rate in exchange for a promise to pay the accumulated principal and interest under the Note and the option to convert the Note into shares of common stock in lieu of demanding payment. (D.I. 26 at ¶¶ 28-30).

Beginning in or around May 2020, Kona began communicating with ENZC concerning the prospect of providing additional funding to ENZC. (*Id.* at ¶ 40). Ray advised that the company did not have an immediate need for funding but that it would review terms for funding in the near future. (*Id.* at ¶ 41). Ray also expressly indicated that he should be copied on all future communications from Kona to ENZC. (*Id.* at ¶ 42). The parties communicated several more times through November of 2020, when Kona provided ENZC notice, through Ray, that it wanted to convert the Note. (*Id.* at ¶ 49). This notice was reiterated on November 15, 2020. (*Id.* at ¶ 50).

In response, Ray strung Kona along. First he advised that Kona would "have to wait" because of some undisclosed situation:

> Billy Ray <billyvrayjr@yahoo.com>    Sun, Nov 15, 2020 at 8:37 AM
> Reply-To: "billyvrayjr@yahoo.com" <billyvrayjr@yahoo.com>
> To: "peteraiello29@gmail.com" <peteraiello29@gmail.com>, Harry Zhabilov <zhabilov@att.net>
>
> Peter,
>
> You are going to have to wait. It is like you are not hearing me or ignoring my situation. Harry would need my help and I can't give it right now. Hopefully later this week but it is worse today.
>
> Billy

(*Id.* at ¶ 51). Next, Ray sent an email on November 16, 2020 stating that Kona and Cimarron Capital, Ltd. would need to provide an opinion letter prior to any conversion and assuring that ENZC would not initiate any conversions until November 26, 2020 at the earliest:



> Billy Ray <billyvrayjr@yahoo.com>    Mon, Nov 16, 2020 at 12:57 PM
> Reply-To: "billyvrayjr@yahoo.com" <billyvrayjr@yahoo.com>
> To: "peteraiello29@gmail.com" <peteraiello29@gmail.com>
>
> Peter,
>
> I am still working from a flat on my back position from my phone. The first thing I see is that you ar cal ulating interey that had already been accrued. The accrued interest on the disclosure statement is the life of the loan accrual. So you do jot need to calculate interest.
>
> I have a call into Tiffany to confirm but based on my past experience you will have to have an opinion letter. Next I have to finish the filings to remove the stop sign before an attorney will issue an opinion letter and fi ally if you look at the press release around October 26th the initial funding required the company to stand still for 30 days on any conversions. Earliest tou could get this done is 11-26 but at the pace Jona is turning the qtrs iymt will probably be 12-10 before everything is filed including the opinion letter.
>
> Hope this helps.
>
> Thanks,
>
> Billy

(*Id.* at ¶¶ 52-53).

Prior to the Merger, Seacor Capital Inc. and Sky Direct, LLC, insiders and colleagues of Ray and Harry Zhabilov, another director and/or officer of ENZC, approached ENZC to create debt in the company and create other classes of stock on extremely favorable terms. (*Id.* at ¶ 35).

3

From 2017 through 2019, ENZC issued approximately 24 debentures to Seacor and 15 debentures to Sky Direct. (*Id.* at ¶ 37).

On or about November 19, 2020, Extreme Mobile Coatings Worldwide Corp.'s successor-in-interest purported to enter into the Merger pursuant to 8 *Del. C.* § 251 for the intended purpose of defrauding certain stakeholders, such as Kona. (*Id.* at ¶ 34). The Seacor and Sky Direct debentures were converted with the help, advice, and assistance of Ray, while the Note belonging to Kona was not. (*Id.* at ¶¶ 54, 55).

ENZC is a publicly traded company. Ray, Harry Zhabilov, and Charles Cotropia are its directors and/or officers. (D.I. 26 ¶¶ 7,10, 11).

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *Reach Acad. for Boys & Girls, Inc. v. Delaware Dep't of Educ.*, 46 F. Supp. 3d 455, 464 (D. Del. 2014). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirement that the complaint include "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" A*rmano v. Martin*, 703 Fed. Appx. 111, 112 (3d Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); Fed. R. Civ. Proc. 8. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Wright v. Liguori*, 2009 WL 3149777, at *4 (D. Del.); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.").

In evaluating such a motion, a complaint is to be charitably construed, with all well-pleaded factual allegations being accepted as true, and with any reasonable inferences from those facts

4

being drawn in favor of the non-moving party. *See Twombly*, 550 U.S. 544, 554–556 & 569 n.14 (2007); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (in determining the sufficiency of a pleading, allegations of material fact are taken as true and construed in the light most favorable to the pleader). In 2009, the Supreme Court clarified the Twombly pleading standard and elaborated that, to survive a motion to dismiss, a civil complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679.

In considering a motion to dismiss for failure to state a claim, the Court must consider not only the allegations in the pleading, but also any exhibits that form the basis of a claim. *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004).

## ARGUMENT

**I.     Under New York Law, The Implied Covenant Of Good Faith And Fair Dealing Imposes A Notice Requirement On The Kona Note**

The Kona Note is governed by New York law. Note at 9. "Every contract governed by New York law, including the [Note] at issue here, contains an implied covenant of good faith and fair dealing." *Geren v. Quantum Chemical Corp.*, 832 F.Supp. 728, 731 (S.D.N.Y. 1993). "The implied covenant of good faith warrants reading into the contractual procedure a requirement that notice be given within a reasonable time so as to afford a meaningful opportunity of participation." *Perkins and Will Partnership v. Syska and Hennessy and Garfinkel, Marenberg and Associates*, 376 N.Y.S.2d 533, 539 (N.Y. App. Div. 1975). Without such a notice requirement, in this case, it would be impossible for Kona to exercise its conversion rights.

The Counterclaim alleges that Section 3 of the Note provides Kona a right to convert the Note upon "(ii) change in control of the company, (iii) the filing of a registration statement or offering." (D.I. 26 at ¶ 57). The Counterclaim further sets forth New York law that "[i]mplicit in sections 3(i) and 3(iii) is that Enzolytics to give notice to Kona of any impending 'change in control of the company" or "filing of a registration statement or offering.'" (*Id.* at ¶ 58).

Here, the right of Kona to convert upon a "change in control of the company" is meaningless if Kona was, as in the present case, unaware of the impending change. In fact, ENZC actively mislead Kona as to the impending change, stating that no conversions would be initiated until November 26, 2020, when, in fact, the change occurred ten days earlier. (D.I. 26 at ¶¶ 49-55).

As the Southern District explained in *Geren*, the "covenant of good faith and fair dealing 'is violated when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other of the right to receive the benefits under their agreement.' … Put another way, the implied covenant 'ensures that parties to a contract perform the substantive bargained-for terms of their agreement.'" *Geren*, 832 F. Supp. at 732 (citations omitted). In the Motion, ENZC either ignores the implied covenant or reads it into oblivion, and for those reasons, should be denied.

**II.     ENZC is Estopped From Raising A Notice Defense**

During the relevant time, Kona was in close communication with ENZC. (D.I. 26 ¶¶ 43-53). Peter Aiello, ENZC's principal, was expressly told by Ray to communicate with Ray concerning ENZC. (*Id.* ¶ 42). From November 14, 2020 through November 16, 2020, Aiello did just that, and informed ENZC through Ray that Kona wanted to convert the Note. (*Id.* ¶¶ 49-53). On November 16, 2020, Ray told Aiello that they would not be converting any debentures until November 26, 2020, at the earliest. (*Id.* ¶ 53)

6

ENZC now claims that it had no obligation to convert the Note because Kona did not follow the procedure outlined in Section 6 of the Note. Under New York law, the doctrine of equitable estoppel applies. "'The principle is that where one party has … induced the other party to a transaction to give him an advantage which it would be against equity and good conscience for him to assert, he would not in a court of justice be permitted to avail himself of that advantage.' It is not necessary that actual fraud be shown in order to establish equitable estoppel. It is only necessary to show that the person estopped by his conduct misled another to his prejudice." *Kromer v. Kromer*, 177 A.D.2d 472, 475 (N.Y. App. Div. 1991).

The Motion must be denied for two reasons. First, Kona has adequately pled that Ray, as a director and/or officer of ENZC, had the apparent authority to bind ENZC, and Kona's reliance on Ray's conduct was reasonable. *See Goldston v. Bandwidth Tech. Corp.*, 52 A.D.3d 360, 859 N.Y.S.2d 651, 655 (2008) (even where an officer acts with apparent authority to the detriment of corporate interests, the law imposes no duty on a third party who deals with the corporation to inquire into officer's actual authority); *In re WL Homes LLC*, 476 B.R. 830, 842 (D. Del. 2012), aff'd in part sub nom. *In re WL Homes*, 534 F. App'x 165 (3d Cir. 2013) (citing *Nichols v. Lewis*, 2008 WL 2253192, at *5 (Del. Ch. Apr. 25, 2008) ("Traditionally, the doctrine of apparent authority applies when a corporate official, such as a president, takes action in the name of an entity in a situation when he lacks formal authority, but where by dint of his title and other circumstantial facts the entity creates a reasonable impression that the official can bind the entity.")). Therefore, when Kona provided notice to Ray, it satisfied its obligations under the Note.[1]

---

[1] At worst, this is a factual issue that must be developed through discovery.

Second, Kona has adequately pled that Ray deceived Kona by lulling Aiello into a false sense of security that there was no need for a formal notice of conversion at least until November 26, 2020. Kona has similarly pled that Aiello relied upon Ray's representations to Kona's detriment. Therefore, ENZC should be estopped from basing a defense to the Counterclaim pursuant to Section 6 of the Note.

### III. The Counterclaim Alleges A Distinct Breach of Contract Claim And Is Not Redundant

ENZC's argument that the Counterclaim is redundant fails as a matter of law. The only authority cited by ENZC stands for the proposition that a *declaratory judgment* counterclaim may be dismissed if it is redundant. *Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*, 2021 WL 3794829, at *1 (D. Del. Aug. 26, 2021). Here, Kona has not alleged a counterclaim for declaratory judgment, rather, breach of contract. On that basis alone, this argument fails.

Further, the "Court should exercise restraint in dismissing counterclaims … [c]onsidering the difficulty in determining whether a *declaratory judgment* counterclaim is in fact redundant prior to trial, however, authorities suggest that a court should dismiss such counterclaims only when there is no doubt that they will be rendered moot by adjudication of the main action." *PHL Variable Ins. Co. v. Helene Small Ins. Tr. ex rel. Wilm. Sav. Fund. Soc'y., FSB*, 2012 WL 5382905, at *1 (D. Del. Nov. 1, 2012) (emphasis added) (quotations omitted). Indeed, even if Kona had alleged a declaratory judgment counterclaim, the Court would need to conduct a deeper analysis.

That analysis would demonstrate that the breach of contract claim asserted by Kona is distinct from the declaratory judgment claim that ENZC makes in its Complaint for at least two reasons. First, Kona alleges a set of distinct facts supporting its conclusion that the ENZC merger was consummated to fraudulently deprive Kona of its right to convert the Note. (D.I. 26 ¶¶ 7, 8, 9, 13-25, 34-39, 56). These facts are critical to the breach of contract claim because they demonstrate

the motivation behind the material breach of contract by ENZC. And second, the remedy sought by Kona is money damages, not a declaratory judgment. Kona's claim is not a mirror image of ENZC's declaratory judgment claim.

## CONCLUSION

For the reasons set forth herein, Kona respectfully request that ENZC's Motion be denied in its entirety. If the motion is granted in any part, Kona respectfully requests that the Court to grant it leave to amend its Complaint.

**COZEN O'CONNOR**

*/s/ Kaan Ekiner*
Kaan Ekiner (DE No. 5607)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Tel: 302-295-2046
Email: kekiner@cozen.com

John J. Muldoon III (admitted *pro hac vice*)
**MULDOON & MULDOON, LLC**
111 West Washington Street
Suite 1500
Chicago, IL 60602
(312) 739-3550
jjm@muldoonlaw.com

Dated: June 14, 2022

*Counsel for Defendant/Counterclaim Plaintiff Kona Concepts, Inc.*

9