**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ENZOLYTICS, INC.,

    **Plaintiff/Counterclaim Defendant,**

    **v.**

KONA CONCEPTS, INC.

    **Defendant/Counterclaim Plaintiff**

:
:
:
:   **C.A. No. 1:21-cv-01600-RGA**
:
:
:
:

### REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM

    Respectfully Submitted,

*/s/ Antranig Garibian*

_____
By: Antranig Garibian, Esq.
Garibian Law Offices, P.C.
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Plaintiff/Counterclaim Defendant,
Enzolytics, Inc.*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................................................................ii
**INTRODUCTION**..................................................................................................................1
**ARGUMENT**..........................................................................................................................1
    **I.    Kona's Attempt to Now Introduce Emails is Improper.** ...................................................1
    **II.    Kona's Attempt to Plead an Implicit Contractual Obligation Still Fails as a Matter of Law.** ..................................................................................................................................2
    **III.    Kona Has Not Plead Facts to Support Its Newly Introduced Estoppel Argument**........4
    **IV.    Kona's First Amended Counterclaim Is Redundant of ENZC's Declaratory Judgment Claim.** ................................................................................................................................6
**CONCLUSION** ........................................................................................................................7

# **TABLE OF AUTHORITIES**

**Cases**

*Duffy v. Kent Cty. Levy Court*, No. 09-198-SLR, 2010 U.S. Dist. LEXIS 101573, at *16 (D. Del. Sep. 23, 2010) ................................................................................................................................1

*Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) ........................................................................1

*Perkins and Will Partnership v. Syska and Hennessy and Garfinkel, Marenberg and Associates,* 376 N.Y.S.2d 533 (N.Y. App. 1975) ..............................................................................................3

**Rules**

Rule 12(b)(6)..........................................................................................................................................1

## INTRODUCTION

Enzolytics, Inc. ("ENZC"), submits this reply brief in support of its motion to dismiss the First Amended Counterclaim asserted by Kona Concepts, Inc. ("Kona"). Kona now attempts rescue its defective counterclaim with misleading references to its pleadings, newly asserted facts and allegations lacking any support in the record. Rather than focus on substance, Kona instead resorts to immaterial fingerpointing in an attempt to justify its admitted failure to adequately plead its breach of contract claim. Moreover, Kona identifies no material distinction between the declaratory judgment complaint and the First Amended Counterclaim and in arguing its point, only highlights the obvious redundancy between the two claims.

The sole issue remains whether Kona has stated a claim for breach of contract upon which relief can be granted in its First Amended Counterclaim. For all of the reasons stated in ENZC's Motion to Dismiss, Kona has failed to do so and Kona's First Amended Counterclaim should be dismissed.

## ARGUMENT

### I.     Kona's Attempt to Now Introduce Emails is Improper.

On ENZC's motion to dismiss, the Court should not consider matters outside the pleadings. *See, e.g. Duffy v. Kent Cty. Levy Court*, No. 09-198-SLR, 2010 U.S. Dist. LEXIS 101573, at *16 (D. Del. Sep. 23, 2010). "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted).

On page 3 of the opposition brief, Kona improperly introduces screen shots from emails that are absent from the First Amended Counterclaim. Kona cites ¶51 and ¶¶52-53 of the First

1

Amended Counterclaim as references, as if those paragraphs include the newly introduced screenshots – which they *do not*. At best, paragraphs 51-53 of the First Amended Counterclaim contain references to communications – but not the screenshots Kona included in its opposition brief. Even if Kona were to argue that these communications are properly before the Court because they are incorporated by reference into the pleadings (which Kona has not even bothered to argue), Kona should at the very least be expected to address and justify the redaction of the second screenshot on page 3.

Kona's intentional omission of the emails from the First Amended Counterclaim and subsequent attempt to introduce them is patently unfair – particularly when Kona relies upon these correspondences to try and salvage its legally deficient claim. ENZC filed its motion to dismiss based upon the First Amended Counterclaim *as plead* – not the First Amended Counterclaim as Kona would attempt to later supplement it during the course of motion practice.

**II.     Kona's Attempt to Plead an Implicit Contractual Obligation Still Fails as a Matter of Law.**

As ENZC argued in the motion, Kona's claim that ENZC had an implicit obligation to notify Kona before the Merger fails under New York law. In response, Kona appears to attempt to change its claim to lack of notice *after* the Merger. Either way, Kona's arguments are inconsistent with its own pleadings and more importantly, do not comport with the case law it cites.

Kona's First Amended Counterclaim asserts that Enzolytics had an "implicit obligation" to give notice to Kona of any *impending* "change in control of the company"... (D.I. 26 ¶58). For the avoidance of doubt, the below excerpt is taken directly from Kona's First Amended Counterclaim:

> 58.    Implicit in sections 3(i) and 3(iii) is that Enzolytics to give notice to Kona of any impending "change in control of the company" or "filing of a registration statement or offering."

D.I. 26 ¶58.

Kona further argues in the opposition brief that its right to convert upon a "change in control of the company" would be meaningless if it was "unaware of the impending change." (*Opposition Brief*, p. 6) Notably, however, the word "impending" does not appear in the Kona Note and has only now been adopted by Kona to support its counterclaim. Thus, Kona appears to be arguing that it should have been given *advance* notice (as opposed to subsequent notice) of the Merger – and that the failure to do so constituted a breach of the Kona Note.

In support of its argument, Kona cites the New York Appellate Division's decision in *Perkins and Will Partnership v. Syska and Hennessy and Garfinkel, Marenberg and Associates*, 376 N.Y.S.2d 533 (N.Y. App. 1975) – which was based on inapposite facts. *Perkins* addressed whether service of an individual partner of a dissolved partnership was compliant with the notice provisions such that the partner was given the opportunity to participate in the arbitration. *Id.*, 540. *Perkins* held that service of a notice of arbitration on the partner of a dissolved partnership constituted proper notice to the firm of the arbitration proceeding. *Id.,* 539-540. *Perkins* does not have any application to the facts of this case.

Kona has not provided any New York precedent for this Court to find the existence of an implied obligation to provide advance notice under a contract, where that contract contains no provision providing for such notice. What is more, Kona's attempt to argue the existence of an implied notice obligation is an attempt to steer the conversation away from the admitted fact that Kona itself did comply with any of the *express* notice requirements in the Kona Note.

Moreover, Kona's argument that it was prejudiced by lack of notice, either in advance of or subsequent to, the Merger would only makes sense if Kona was did not still have the right to convert under the Kona Note – which is not the case. As Kona itself has plead in its First Amended Counterclaim, "the Kona Note did not impose any time limit on Kona's exercise of its

right to convert." (D.I. 26, ¶31) ENZC agrees – and only Kona can explain why Kona refuses to simply tender the conversion to the correct entity.

In its claim for "failure to give notice," Kona alleges that "Enzolytics has failed to issue Kona shares of the successor company as obligated under the Kona Note." (D.I. 26, ¶60) Not surprisingly, Kona does not identify the "successor company" – because there is no "successor" company. The obligor under the Kona Note, ENZC Sub, Inc., still exists as a wholly owned subsidiary of ENZC. (D.I. 5, ¶31). Kona knows this - but insists on attempting to enforce the Kona Note against a newly formed entity with no obligation under the Kona Note.

### III. Kona Has Not Plead Facts to Support Its Newly Introduced Estoppel Argument.

As ENZC argued in the motion to dismiss, Kona's First Amended Counterclaim should also be dismissed due to its failure to allege or plead facts that it properly gave notice of its intention to convert as required under the note. Kona fails to acknowledge or even address its admitted failure to comply with any of the methods of delivery set forth in the Kona Note or its failure to address any notice to the identified individual, Harry Zhabilov, as required by the Kona Note. Rather, without any ability to dispute its non-compliance with the express contractual terms, Kona attempts to cobble together an estoppel argument with inaccurate and unsupportable references to its own pleadings.

First, Kona leads off its estoppel argument with a misleading citation of ¶50 of its First Amended Counterclaim, asserting that "Peter Aiello, ENZC's principal, was expressly told by Ray to communicate with Ray concerning ENZC." (*Opposition Brief*, p. 6).[1] This inaccurate citation is intended to create the illusion that apparent authority existed – despite the fact that the First

---

[1] Presumably, Kona's reference to Peter Aiello as "ENZC's principal" in its opposition brief was in error and Kona intended to state that Mr. Aiello was "Kona's principal". At no point in this action has either party ever asserted or argued that Mr. Aiello was a principal of ENZC.

4

Amended Counterclaim does *not* plead or even mention "apparent authority." What Kona's First Amended Counterclaim actually alleges *verbatim* is that Mr. Ray "indicated that he should be copied on all future communications from Kona to Enzolytics." (D.I. 26, ¶42). For the avoidance of doubt, the below excerpt is taken *directly* from Kona's First Amended Counterclaim:

> 42. Ray expressly indicated he should be copied on all future communications from Kona to Enzolytics.

D.I. 26, ¶42.

Kona's attempt to reframe its allegations to suggest that Mr. Ray was the instrument for communications is impermissible and transparent. Kona cannot now evade the clear language of its own pleadings and moreover, it certainly cannot use the opposition brief as an opportunity to amend them.

Second, in attempting to support its ill-fated estoppel argument, Kona argues – without a citing reference – that "Kona has adequately pled that Ray, as a director and/or officer of ENZC had the apparent authority to bind ENZC, and Kona's reliance on Ray's conduct was reasonable" (*Opposition Brief*, p. 7) and that "Kona has similarly pled that Aiello relied upon Ray's representations to Kona's detriment." (*Opposition Brief*, p. 8). Both of these assertions are a complete fiction. Tellingly, Kona does not, because it *cannot*, cite any portion of the First Amended Counterclaim to support these statements – because it does not exist. This is a material and significant omission – which is fatal to Kona's newly introduced estoppel argument. Kona has *not* alleged reliance (let alone reasonable reliance), has not plead the Ray had "apparent authority" and similarly, has not alleged that any such reliance was to Kona's detriment. Kona's attempt to add new allegations via its opposition brief to support an estoppel argument is wholly improper and should be disregarded in its entirety.

Undoubtedly, Kona will argue that these points are overly exacting – or that they are ENZC's attempt to find a "technical" way out. Kona, however, is bound by its own pleadings, its own citations to the record (or lack thereof) and ENZC should not be prejudiced by Kona's lack of precision.

### IV. Kona's First Amended Counterclaim Is Redundant of ENZC's Declaratory Judgment Claim.

Lastly, Kona's opposition brief offers nothing to refute the obvious fact that Kona's First Amended Counterclaim is redundant of the declaratory judgment action. Kona attempts to draw a substantive difference by referencing additional "facts" that it has plead – overlooking the reality that these "facts" directly pertain to the legal issue before ethe Court in ENZC's declaratory judgment complaint, which was filed *in anticipation of* the very breach of contract claim that Kona is now attempting to assert in the First Amended Counterclaim.

ENZC's filing of the declaratory judgment Complaint stemmed from Kona's continued insistence that ENZC is in breach of the note at issue. (D.I. 5, ¶4). ENZC's Complaint states that this action was brought as a result of Kona's previous lawsuits and due to the prospect of additional litigation by Kona arising out of the same meritless claims. (D.I. 5, ¶5). The whole point of seeking declaratory relief was to address the controversy between ENZC and Kona regarding whether ENZC was in breach of the note at issue, which ENZC categorically denies. (D.I. 5, ¶¶8-9). For Kona to respond by asserting the same breach of contract claim that gave rise to the declaratory judgment complaint in the first place defies logic or common sense.

Kona tries to justify this by arguing that it "alleges a distinct set of facts supporting its conclusion that the ENZC merger was consummated to fraudulently deprive Kona of its right to convert the Note." (*Opposition Brief*, p. 8). First, this argument is a red herring – as Kona has asserted a breach of contract claim – not a "fraud" claim. Second, and more importantly, Kona

provides no authority or rationale for the proposition that a breach of contract counterclaim is the vehicle to simply introduce supportive *facts* in response to a declaratory judgment complaint pertaining to the *same contract*.

This action was filed to seek a judgment from the Court regarding the parties' rights under the subject contracts. The declaratory judgment action would be pointless if the defendant were then invited to simply file a counterclaim for breach of the same contract which is the subject of the declaratory judgment action.

In its stubborn insistence, Kona further fails to identify any prejudice. The declaratory judgment action would provide Kona with the opportunity to assert facts to support its position (to the extent such a position was legally sustainable). Moreover, and most significantly, the Court's ultimate ruling in the declaratory judgment action would address the same issue as Kona's counterclaim, which is whether ENZC was obligated under the note. Thus, as a matter of law, Kona's breach of contract claim is duplicative, redundant, and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, ENZC respectfully requests that this Court grant its motion to dismiss the First Amended Counterclaim.

Respectfully Submitted,

_____
By: Antranig Garibian, Esq. (DE Bar No. 4962)
Garibian Law Offices, P.C.
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Enzolytics, Inc.*