IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZOLYTICS, INC., ) <br> ) <br> Plaintiff/Counterclaim Defendant, ) <br> ) <br> v. ) <br> ) <br> KONA CONCEPTS, INC., ) <br> ) <br> Defendant/Counterclaim Plaintiff. ) | Civil Action No. 21-1600-RGA |

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

Presently before the court in this declaratory judgment action arising from the parties' contractual obligations is Enzolytics, Inc.'s ("ENZC" or "Counterclaim Defendant") Motion to Dismiss ("Motion"), (D.I. 27), Kona Concepts, Inc. ("Kona" or "Counterclaim Plaintiff") First Amended Counterclaim ("FACC") alleging breach of contract. (D.I. 26).[1] For the following reasons, I recommend GRANTING ENZC's Motion.

### II.   BACKGROUND

On March 9, 2017, Kona entered into a Convertible Promissory Note ("Note") with Eco-Petroleum Solutions, Inc. ("Eco-Petroleum Solutions") which Kona alleges is ENZC's predecessor in interest. (D.I. 26 at ¶¶ 5–6, 28; *see* D.I. 16) According to the Note, Eco-Petroleum Solutions received from Kona $25,000.00 at a 12% annual interest rate from Kona.[2]

---

[1] The briefing for the Motion is as follows: Counterclaim Defendant's opening brief (D.I. 28), Counterclaim Plaintiff's answering brief (D.I. 30), and Counterclaim Defendant's reply brief (D.I. 32).

[2] There is a discrepancy between the FACC and the Note regarding the loan amount and interest rate. According to the FACC, Kona alleges the amount was $100,000.00 at an 8% annual interest rate. (D.I. 26 at ¶ 29)

(D.I. 16 at ¶¶ 1, 9) In return, Eco-Petroleum Solutions promised to pay the required principal and interest. (D.I. 26 at ¶ 29; D.I. 16 at ¶ 1)

Additionally, under the terms of the Note, Kona possessed the option to convert the Note into shares of common stock rather than demand payment. (D.I. 26 at ¶ 30; D.I. 16 at ¶¶ 1, 3) The Note did not impose any time limitations on Kona's ability to convert the note, providing Kona with full discretion on whether, and when, it chose to exercise this right. (D.I. 26 at ¶ 31; D.I. 16 at ¶¶ 1, 7) The Note is governed by New York law. (*Id.* at ¶ 9)

According to Kona, in May of 2020, it communicated with Billy V. Ray ("Ray"), an "officer" of ENZC, concerning the prospect of providing additional funding. (D.I. 26 at ¶¶ 7, 40) Ray responded that ENZC was not in need of funding but might be in the future. (*Id.* at ¶ 41) Throughout September and October of 2020, Kona discussed financing projects with ENZC officers, including Ray. (*Id.* at ¶¶ 43–48)

On November 14 and 15, 2020, Kona alleges it communicated with Ray about its intention to convert the Note into shares of common stock. (*Id.* at ¶¶ 49–50) On November 15, 2020, Ray responded with an email telling Kona that ENZC needed an opinion letter from them prior to any conversion and that ENZC would not initiate any conversions before November 26, 2020. (*Id.* at ¶ 52) Kona claims ENZC failed to issue the shares of common stock, thus breaching the contract. (*Id.* at ¶¶ 60, 64) Kona alleges that had the Note been converted, it would have received 9,703,720 shares of ENZC. (*Id.* at ¶ 67)

Kona alleges that on or about November 19, 2020, a merger occurred wherein ENZC issued shares of common stock on favorable terms to other entities upon conversion of their notes, without providing notice to Kona. (*Id.* at ¶¶ 34–35, 53–55, 59, 63) Kona contends that

the intended purpose of the merger was to defraud certain stakeholders, such as Kona. (*Id.* at ¶¶ 39, 56)

In its Declaratory Judgment Complaint in this action, ENZC asserts that it was not a party to the Note, is not the successor to Eco-Petroleum Solutions, and has not assumed the liabilities of the Note. (*See e.g.*, D.I. 5 at ¶¶ 12, 20, 27, 31, 33) ENZC alleges that Eco-Petroleum Solutions is a predecessor to ENZC Sub, Inc. (*Id.* at ¶ 13) ENZC is the publicly traded parent of ENZC Sub, Inc., its wholly owned subsidiary.[3] (*Id.* at ¶¶ 26, 32)

Kona continues to assert that ENZC is in breach of the Note. (*Id.* at ¶¶ 58–59) On November 12, 2021, ENZC instituted this Declaratory Judgment action. (D.I. 1) ENZC filed an Amended Complaint on December 6, 2021. (D.I. 5) Kona responded with its Answer and Counterclaim on March 4, 2022. (D.I. 13) On April 19, 2022, Kona filed the FACC, the operative pleading at issue in this Motion. (D.I. 26) ENZC moved to dismiss the FACC on May 6, 2022. (D.I. 27) This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because ENZC is a Delaware corporation and Kona is a Nevada corporation with its principal place of business in Boca, Raton, Florida. (D.I. 1 at ¶¶ 2–3)

### III.   LEGAL STANDARD

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

---

[3] The issue of whether ENZC is contractually obligated for the Note is not before the court in the pending Motion which only concerns whether the allegations in the FACC are facially plausible.

3

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555–56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV.   DISCUSSION

Under New York law, "[t]he essential elements for pleading . . . breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach." *Dee v. Rakower*, 112 A.D.3d 204, 208–09 (N.Y. App. Div. 2013). In support of its Motion, ENZC makes three arguments: (1) Kona failed to plead sufficient facts showing ENZC was obligated

under section 3 of the Note to provide Kona notice prior to the merger, (2) Kona failed to allege that it satisfied the notice requirement in section 6 of the Note, a condition precedent to Kona's right to convert, and (3) the FACC is redundant of the Declaratory Judgment Complaint. (D.I. 28 at 4–9)

### A.  Kona Fails to Plausibly Allege ENZC Was Obligated to Provide Notice

ENZC argues Kona's breach of contract claim should be dismissed because there is no express contractual obligation imposed on ENZC to provide Kona with notice of the merger. (*Id.* at 4–5) Kona argues in its answering brief that the implied covenant of good faith and fair dealing creates an "implicit" notice requirement based upon the triggering of its conversion right under section 3 of the Note. (D.I. 30 at 5–6)

Section 3 of the Note provides:

> The Note holder (the "Holder") in its sole discretion may elect to convert the Note into shares of the Company's common stock. . . .The Holder's right to convert the Note will be triggered upon the occurrence of any one of the following: (i) 6 months from the date of said note, (ii) change in control [of] the Company; (iii) the filing of a registration statement or offering, or (iv) election by the Holder.

(D.I. 16 at ¶ 3)

Kona argues that its conversion right under the Note is meaningless without requiring ENZC to provide it with notice of an event under Section 3(ii) or (iii) triggering the right to convert the Note. (D.I. 30 at 5–6) Kona claims that it was deprived of the benefit of its bargain because it was unaware of the merger and was actively misled by ENZC about its conversion right. (*Id.*) Thus, Kona alleges that ENZC breached the notice requirement implicit in the Note. (D.I. 26 at ¶¶ 58, 63)

Kona relies on two cases in support of its argument that the Note is subject to an implied covenant of good faith and fair dealing. (D.I. 30 at 5–6) *See Geren v. Quantum Chem. Corp.*,

832 F. Supp. 728 (S.D.N.Y. 1993); *Perkins & Will P'ship v. Syska et al.* ("*Perkins*"), 50 A.D.2d 226 (N.Y. App. Div. 1975). Every contract governed by New York law contains an implied covenant of good faith and fair dealing to ensure the parties receive the benefit of their bargain. *Geren*, 832 F. Supp. at 731. "The covenant is violated when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other of the right to receive the benefits under their agreement." *Id.* at 732.

Other than reciting legal conclusions, Kona fails to explain the relevance of these cases to the allegations in its pleading. *Geren* does not support Kona's argument because, unlike Kona's pleading, the pleading in *Geren* contained three similar counts alleging breach of an implied covenant of good faith and fair dealing which the court ultimately dismissed for failure to state a claim. *Id.* at 731–34. Furthermore, the court in *Geren* explained that the implied covenant cannot be used to create a substantive provision in the contract that was not included by the parties. *Id.* at 733.

The court further finds that the *Perkins* decision does not help Kona avoid dismissal of its pleading. *Perkins* involved the implicit requirement for providing reasonable notice of a demand for arbitration pursuant to a construction contract. 50 A.D.2d at 228–30. The court found that the implied covenant of good faith warranted reading into the contractual arbitration procedure a reasonable notice requirement to afford a meaningful opportunity for participation by the contracting party and found such notice was sufficient on the facts of the case. *Id.* at 230–31. The case has no relevance to the Note at issue here or the determination of whether an implicit notice requirement is sufficiently pled.

Kona relies on one paragraph in its FACC that it contends is an adequate allegation that the implied covenant of good faith and fair dealing warrants reading into the Note an implicit

6

obligation for ENZC to provide reasonable notice and that the obligation was breached. (D.I. 30 at 6) The sole allegation is:

> Implicit in sections 3(i) and 3(iii) is that Enzolytics [] give notice to Kona of any impending "change in control of the company" or "filing of a registration statement or offering.

(D.I. 26 at ¶ 58)[4] Kona pleads no facts alleging what it contends is the action that triggered notice or when it should have been given the notice it claims is required under this "implicit" contractual obligation. Pleading a bare legal conclusion that ENZC breached an implicit notice requirement in the Note does not satisfy the *Iqbal/Twombly* pleading standard. *See Iqbal*, 556 U.S. at 664 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

## B. Kona's New Theory of Equitable Estoppel Has Not Been Plausibly Pled

Kona alleges that ENZC breached the Note by failing to issue shares of the successor company. (D.I. 26 at ¶¶ 60, 64) Kona fails to identify the successor company or the provisions of the Note it claims were breached. ENZC argues that the FACC fails to state a claim that ENZC breached an obligation to issue shares because Kona failed to satisfy the condition precedent of providing formal notice as required by section 6 of the Note. (D.I. 28 at 6–7) Section 6 states:

> Any notice, other communication or payment required or permitted hereunder shall be in writing and shall be deemed to have been given upon delivery if personally delivered or upon deposit if deposited in the United States mail for mailing by registered or certified mail, postage prepaid, and addressed [to the addresses written in the Note].

(D.I. 16 at ¶ 6)

---

[4] The court notes section 3(i) deals with a triggering event of "6 months from the date of said note." (D.I. 16) Kona has not argued any alleged breach of section 3(i) in its answering brief. (D.I. 30) The court assumes Kona's reference to section 3(i) is in error.

7

Under New York law, "[i]t is well settled that no action for breach of contract lies where the party seeking to enforce the contract has failed to perform a specified condition precedent." *Carr v. Birnbaum*, 75 A.D.3d 972, 973 (N.Y. App. Div. 2010).

In its answering brief, Kona fails to address the written notice requirement for conversion in section 6 of the Note nor does the FACC plead any facts suggesting Kona complied with the notice requirement. (*See* D.I. 30; D.I. 26) Instead, Kona argues for the first time that ENZC should be estopped from raising lack of notice as a defense for not converting the Note because Kona detrimentally relied on Ray's representation that ENZC was not initiating any conversions until November 26, 2020, at the earliest. (D.I. 30 at 6–8)

ENZC argues Kona has insufficiently pled the elements of equitable estoppel because there is nothing in the FACC alleging that Ray had apparent authority to bind ENZC or that Kona reasonably relied on Ray's representations to its detriment. (D.I. 32 at 4–6)

To establish an equitable estoppel claim under New York law, the party to be estopped must (1) have made a false representation or concealed material facts; (2) had the intention that this misrepresentation would be acted upon by the other party; and (3) have knowledge of the real facts. *Rich v. Orlando*, 128 A.D.3d 1330, 1331 (N.Y. App. Div. 2015). Further, the party asserting estoppel must show: "(1) lack of knowledge of the true facts; (2) good faith reliance; and (3) a change of position." *Id. See also Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Management, L.P.*, 850 N.E.2d 653, 659 (N.Y. 2006) (discussing the purpose of the doctrine is to prevent injustice to a party who justifiably relied upon another's words or conduct to their disadvantage).

Kona argues that ENZC "strung Kona along until the [m]erger" occurring sometime around November 19, 2020, in order to avoid its contractual obligations under the Note. (D.I. 30

8

at 2) In its FACC, Kona alleges it had various email communications with Ray in which Kona expressed its intention to convert the Note, but Ray purposefully stalled for time such as by putting off the conversion due to his "situation" and by requiring Kona to provide an opinion letter. (D.I. 26 at ¶¶ 49–52)[5] In one of the emails, Kona alleges Ray indicated ENZC "would not be initiating any conversions until November 26 at the earliest." (*Id.* at ¶ 52)

Even if the court considers the full content of the emails, they are not sufficient to plead the equitable estoppel theory Kona now asserts. The FACC fails to allege any facts supporting the elements of equitable estoppel nor does the FACC even mention the phrase. Kona's attempt to supply the details in its answering brief falls short of its obligation to include the elements of equitable estoppel in a facially plausible pleading. *See Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1998) ("[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss."); *see also* Fed. R. Civ. P. 8.

Kona argues it has adequately pled good faith reliance on Ray's representations because Ray had apparent authority as director or officer of ENZC. (D.I. 30 at 7–8) Kona's argument that Ray's title imbues him with authority is unsupported.[6] The only allegation in the FACC is that Ray is "an individual and an officer of [ENZC]." (D.I. 26 at ¶ 7) There is nothing further alleged about his apparent authority or Kona's reliance on it for an equitable estoppel claim.

---

[5] The FACC references the content of the emails in paragraphs 49–52 but does not attach them to the pleading. The two emails in issue (one of which is redacted) are incorporated into Kona's answering brief. (*See* D.I. 30 at 3) ENZC objects to their consideration. (D.I. 32 at 1–2) But the court finds they are integral to the FACC and may be considered with the pleading for purposes of the pending Motion. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (noting a court may consider "document[s] integral to or explicitly relied upon in the complaint" without converting the motion into one for summary judgment).

[6] Kona cites to *Goldston v. Bandwidth Tech. Corp.*, 52 A.D.3d 360 (N.Y. App. Div. 2008) to support its argument that Ray acted with apparent authority. (D.I. 30 at 7) But Kona's reliance on the case is misplaced because it has no relevance to the sufficiency of the pleading in issue.

9

Thus, even when construing the FACC in the light most favorable to Kona, the FACC cannot survive dismissal based on an equitable estoppel theory raised for the first time in Kona's answering brief. *See Abercrombie v. Andrew College*, 438 F. Supp. 2d. 243, 265–68 (S.D.N.Y. 2006) (dismissing the plaintiff's claims relying on the doctrine of equitable estoppel because the plaintiff failed to adequately plead the elements); *Anderson Co. v. Devine*, 202 A.D.2d 382, 382 (N.Y. App. Div. 1994) (affirming an order granting the defendant's motion to dismiss because the plaintiffs failed to assert equitable estoppel in their complaint).

### C.  ENZC's Redundancy Argument is Rendered Moot

Finally, ENZC argues that the court should dismiss Kona's FACC because it is redundant of ENZC's Declaratory Judgment Complaint. (D.I. 28 at 7–9). Kona contends that its pleading is not redundant because the FACC does not seek a declaratory judgment but alleges a cause of action for breach of contract. (D.I. 30 at 8–9)

ENZC correctly identifies the mirror image legal standard that the court applies when resolving a motion to dismiss a redundant counterclaim. (D.I. 28 at 7) *See Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*, No. 20-cv-01535-RGA, 2021 WL 3794829 (D. Del. Aug. 26, 2021). Without citing to any case authorities to support its position, Kona argues that its counterclaim is not redundant because it relies on different facts than ENZC and seeks a different remedy, i.e., money damages and not declaratory relief. (D.I. 30 at 8–9) ENZC has not refuted Kona's argument that its demand for money damages distinguishes the breach of contract claim from the Declaratory Judgment action. (*See* D.I. 32 at 6–7)

The court finds it unnecessary to address the redundancy argument because it has recommended dismissal of the FACC based on the pleading defects discussed, *supra*.

Alternatively, Kona requests leave to amend its pleading a second time. (D.I. 30 at 9) ENZC has not addressed Kona's request and the court finds amendment would not be futile. *See In re Burlington Coat Factory Secs. Litig.*, 114 F.3d at 1434 ("leave to amend shall be freely given" unless amendment is futile). Therefore, the court grants leave to amend. The amended pleading shall be served no later than seven (7) days following the deadline for Objections pursuant to Fed. R. Civ. P. 72(b) or upon further Order of the court following a ruling on Objections, if any.

## V. CONCLUSION

For the foregoing reasons, I recommend GRANTING ENZC's Motion to Dismiss. (D.I. 27) I also recommend GRANTING Kona's leave to amend its counterclaim. (D.I. 30 at 9)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: February 6, 2023

Sherry R. Fallon
United States Magistrate Judge