**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| **ENZOLYTICS, INC.,** | : | **C.A. No. 1:21-cv-01600-RGA** |
|  | : |  |
| Plaintiff/Counterclaim Defendant, | : |  |
|  | : |  |
| **v.** | : |  |
|  | : |  |
| **KONA CONCEPTS, INC.** | : |  |
|  | : |  |
| Defendant/Counterclaim Plaintiff | : |  |

**<u>OPENING BRIEF IN SUPPORT OF COUNTERCLAIM DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS</u>**

Respectfully Submitted,

_____

By: Antranig Garibian, Esq.
Garibian Law Offices, P.C.
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE  19803
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Plaintiff/Counterclaim Defendant,
Enzolytics, Inc.*

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

NATURE AND STAGE OF PROCEEDINGS.................................................................... 1

SUMMARY OF ARGUMENT ........................................................................................... 2

STATEMENT OF FACTS ................................................................................................. 3

LEGAL ARGUMENT ....................................................................................................... 5

    A.    STANDARD OF REVIEW ................................................................................ 5

    B.    KONA'S COUNTERCLAIM IS REDUNDANT AND WILL BECOME MOOT
           UPON DISPOSITION OF THE COMPLAINT.................................................. 6

    C.    KONA HAS NOT PLEAD FACTS TO SUPPORT A CLAIM FOR EQUITABLE
           ESTOPPEL. ....................................................................................................... 9

        1.    Kona Has Failed to Plausibly Allege that ENZC Made False Representations or
            Concealed Material Facts. ........................................................................... 10

        2.    Kona Cannot Demonstrate Justifiable Reliance or a Change of Position. ............... 11

    D.    KONA HAS FAILED TO ALLEGE FACTS SUPPORTING THE ELEMENTS
           OF FRAUDULENT MISREPRESENTATION. ................................................. 13

        1.    Kona Has Failed to Plausibly Allege that ENZC Made False Representations or
            Concealed Material Facts. ........................................................................... 14

        2.    Kona Has Failed to Plausibly Allege Justifiable Reliance.......................................... 14

        3.    Kona Has Failed to Plausibly Allege Proximate Causation of an Injury. ............... 15

    E.    KONA SHOULD NOT BE PERMITTED TO AMEND ITS COUNTERCLAIMS.
           ....................................................................................................................... 16

CONCLUSION ................................................................................................................. 17

## TABLE OF AUTHORITIES

**Cases**

*Aldens, Inc. v. Packel*, 524 F.2d 38 (3d Cir. 1975) ............................................................6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................5, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................................5

*Foman v. Davis*, 371 U.S. 178 (1962) ...........................................................................16

*Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Management, L.P.*, 850 N.E.2d 653

(N.Y. 2006) ...................................................................................................................9

*Great W. Mining & Min. Co. v. Fox Rothschild, LLP*, 615 F.3d 159 (3d Cir. 2010) ......................16

*Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320 (D. Del. 2017) ...............................5

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) ......................................16

*Koloski v. Metro. Life Ins. Co.*, 2004 NY Slip Op 51596(U), ¶ 11, 5 Misc. 3d 1028(A) (Sup. Ct.)13

*Lama Holding Co. v Smith Barney*, 88 NY2d 413 ...........................................................14

*Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) ..........................................................6

*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173 .......................................................14

*Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*, 2021 U.S. Dist. LEXIS 161573 (D. Del.

Aug. 26, 2021) .......................................................................................................6, 8

*R. Vig Props., LLC v. Rahimzada*, 2023 NY Slip Op 00887, ¶ 1 (App. Div.).................................13

*Rich v. Orlando*, 128 A.D.3d 1330 (N.Y. App. Div. 2015).........................................................9

*Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000) ..............................................................16

*Sofio v. Hughes*, 162 A.D.2d 518 (2d Dept 1990) .........................................................13

**Rules**

Rule 12(b)(6)...............................................................................................................1, 5, 6, 16

Rule 8(a)........................................................................................................................................5

## NATURE AND STAGE OF PROCEEDINGS

On November 12, 2021, Plaintiff, Enzolytics, Inc. ("ENZC") filed a civil action against defendant, Kona Concepts, Inc. ("Kona") seeking a declaratory judgment with respect to a promissory note ("Kona Note") that Kona seeks to enforce against ENZC. (D.I. 1). Thereafter, on December 6, 2021, ENZC filed an Amended Complaint seeking a declaratory judgment regarding the Kona Note. (D.I. 5). In the Amended Complaint, ENZC seeks a judicial declaration that ENZC is not a party to and does not owe any duty to Kona under the Kona Note. (D.I. 5, ¶63). On March 4, 2022, Kona filed its Answer to the Amended Complaint, which included a Counterclaim against ENZC. (D.I. 13).

On April 19, 2022, Kona filed its First Amended Counterclaim (D.I. 26). On May 6, 2022, ENZC moved to dismiss the First Amended Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 27). ENZC's motion to dismiss was referred to Magistrate Judge Sherry R. Fallon on July 15, 2022. (D.I. 33). On February 6, 2023, Judge Fallon issued a Report and Recommendation, recommending that ENZC's motion be granted and that the First Amended Counterclaim be dismissed. (D.I. 40). On February 28, 2023, the Court issued an order adopting Judge Fallon's Report and Recommendation, dismissing the First Amended Counterclaim and granting Kona leave to amend its counterclaims. (D.I. 41). On February 27, 2023, Kona filed its Second Amended Counterclaims. (D.I. 40). On March 9, 2023, the Court approved a stipulation setting March 14, 2023 as the deadline for EZNC to respond to the Second Amended Counterclaims. ENZC now moves to dismiss Kona's Second Amended Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6).

## SUMMARY OF ARGUMENT

ENZC's Amended Complaint seeks a judicial declaration that ENZC does not owe any obligation to Kona under the Kona Note, which was entered into between Kona and an entity named Eco-Petroleum Solutions, Inc. ("Eco-Petroleum"). As ENZC explains in the Amended Complaint, ENZC was *not* a party to the Kona Note (D.I. 5, ¶4), is *not* the successor to Eco-Petroleum (D.I. 5, ¶13), has *not* assumed the liabilities of the Kona Note (D.I. 5, ¶33), and owes no contractual duty to Kona under the Kona Note. (D.I. 5, ¶63).

Kona's Second Amended Counterclaims ("SACCs") are a regurgitation of the defective First Amended Counterclaim, the only difference being that the First Amended Counterclaim was plead under breach of contract, while the Second Amended Counterclaims sound in 1) equitable estoppel (D.I. 40, ¶¶67-82) and 2) fraudulent misrepresentation (D.I. 40, ¶¶83-89). The SACCs, just like the First Amended Counterclaim, should be dismissed.

First and foremost, both of Kona's Second Amended Counterclaims are redundant of ENZC's declaratory judgment action. Kona asks the Court to 1) order ENZC to convert the Kona Note into shares of ENZC or 2) order ENZC to pay damages for ENZC's refusal to convert the Kona Note. (D.I. 40, p. 11, "Prayer for Relief").  Just like the First Amended Counterclaim, Kona's SACCs are redundant of ENZC's declaratory judgment action, will become moot upon disposition of the Complaint and are barred by the mirror image rule.

Second, even if the SACCs were not barred as redundant, neither of the SACCs state a claim upon which relief can be granted due to Kona's failure to plead facts or attach documents to support a plausible claim for equitable estoppel or for fraudulent misrepresentation. Assuming all of Kona's plead facts to be true – and considering the contents of the documents attached to the SACCs, Kona has failed to establish that ENZC (or anyone acting on its behalf) made any false

representations to Kona, or that Kona justifiably relied on any of these statements to its detriment. As a result of these defects, neither of the claims are facially plausible and both should be dismissed.

Lastly, if the Court dismisses the Second Amended Counterclaims, Kona should *not* be given any further opportunities to amend its counterclaims. Any further amendments would be a waste of the parties' time, a needless drain on the Court's resources, and would be futile. The issue of whether ENZC owes Kona any obligations under the Kona Note is already before the Court and Kona should not be permitted to continue filing superfluous, unnecessary counterclaims.

## STATEMENT OF FACTS

This action arises out of ENZC's Amended Complaint, which was filed due to Kona's continued insistence that ENZC has breached legal obligations to Kona under the Kona Note, a March 9, 2017 convertible promissory note between Kona and Eco-Petroleum Solutions, Inc. (D.I. 5*, ¶¶4, 12). ENZC filed this action to seek disposition of Kona's allegations that ENZC is in breach of the Kona Note and that ENZC's restructuring in 2020 pursuant to DGCL 251(g) was a breach of the Kona Note. (D.I. 5, ¶8). Most importantly, ENZC is not a party to the Kona Note and is not the proper party to be sued. (D.I. 5, ¶27). Moreover, ENZC asserts that Kona failed to properly tender a Notice of Conversion under the Kona Note. (D.I. 5, ¶36).  As will be proven at trial, ENZC is *not* a party to the Kona Note and is not the correct entity against whom the Kona Note can be enforced. (D.I. 5, ¶27). Moreover, even if it were, Kona failed to properly tender a Notice of Conversion under the Kona Note. (D.I. 5, ¶30). For all of these reasons, ENZC brought this action to obtain a judicial declaration that it does not owe any duty to Kona under the Kona Note. (D.I. 5, ¶63).

Paragraph 6 of the Kona Note governs the form of notices under the Kona Note and details the specific method of delivery, recipients and addresses to use when giving notice.

> 6.    Notices.    Any notice, other communication or payment required or permitted hereunder shall be in writing and shall be deemed to have been given upon delivery if personally delivered or upon deposit if deposited in the United States mail for mailing by registered or certified mail, postage prepaid, and addressed as follows:
>
> Page 2 of 3
>
> If to the Holder:      KONA Concepts Inc
>                        27 Barker Ave. Apt 1004
>                        White Plains, NY 10601
>
> If to the Company    **Eco-Petroleum Solutions, Inc.,**
>                      **Immunotech Laboratories, Inc.**
>                      Harry Zhabilov, CEO
>                      120 WPomona Ave.
>                      Monrovia, CA 91016

D.I. 40, Ex. A, ¶6.

As demonstrated above, the Kona Note clearly states that any notice under the Kona Note must be in writing and shall be deemed to be given upon delivery if personally delivered or upon deposit in the United States mail *and* addressed to Harry Zhabilov at 120 WPomona Ave., Monrovia, CA 91016. D.I. 40, Ex. A, ¶6.

Kona, however, does *not* (because it *cannot*) allege or demonstrate in the SACCs that it delivered notice to ENZC's CEO or in compliance with the Kona Note's clear requirements. Kona merely alleges that on November 14, 2020, it "provided Enzolytics notice through [Billy Ray] for conversion of the Kona Note." D.I. 40, ¶45. Kona further alleges that on November 15, 2020, it "reiterated its notice to Enzolytics through [Billy Ray] that for conversion [sic] of the Kona Note." D.I. 40, ¶46.

Left without a contractual claim, Kona now recasts its claims under the theories of equitable estoppel and fraudulent misrepresentation – attempting to reply upon emails that provide no support whatsoever for Kona's conclusory allegations. Kona alleges that in an October 27, 2020 email, an individual named Billy Ray informed Kona that communications concerning funding should be directed to him. (D.I. 40, ¶¶44, 69; D.I. 40, Ex. C). The text of the October 27, 2020 email from Billy Ray, however, simply indicates that he wanted to be "copied" on all future communications. *Nothing* in the October 27, 2020 email suggests that Billy Ray was an officer or *de facto* officer of ENZC (an entity which did not even exist at the time). In fact, the October 27, 2020 email *does not* (nor does Kona allege that it does) reference the Kona Note at all – let alone suggest that Billy Ray was authorized to communicate with anyone concerning the conversion of the Kona Note. Rather, the October 27, 2020 email from Billy Ray, merely discusses the potential for a *future* transaction.

## **LEGAL ARGUMENT**

### A.  STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept the complaint's factual allegations as true. *Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320, 327 (D. Del. 2017) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "Rule 8(a) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (*quoting Bell Atl. Corp.*, 550 U.S. at 555). The factual allegations "must provide more than labels, conclusions, or a 'formulaic recitation' of the claim elements." Id. (*quoting Bell Atl. Corp*., 550 U.S. at 555). "[T]here must be sufficient factual matter to state a facially plausible claim for relief." Id. (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This facial plausibility standard is met "when the complaint's factual content 'allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (*quoting Ashcroft*, 556 U.S. at 678). In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004).

The Kona Note is attached to the Second Amended Counterclaims as Exhibit A and therefore, may be considered in this motion. The Kona Note is governed by New York law. (D.I. 40, Ex. A, ¶9).

## B.  KONA'S COUNTERCLAIM IS REDUNDANT AND WILL BECOME MOOT UPON DISPOSITION OF THE COMPLAINT.

The Second Amended Counterclaims are redundant of ENZC's Complaint, are mirror images of ENZC's request for a declaratory judgment regarding the parties' obligations under the Kona Note and as a result, should be dismissed.  A declaratory judgment counterclaim may be dismissed if it is "redundant and [will become] moot upon the disposition of the complaint." *Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*, Civil Action No. 20-cv-01535-RGA, 2021 U.S. Dist. LEXIS 161573, at *3-4 (D. Del. Aug. 26, 2021) (*citing Aldens, Inc. v. Packel*, 524 F.2d 38, 51 (3d Cir. 1975)). Typically, a court may justify dismissal when "there is a complete identity of factual and legal issues between the complaint and the counterclaim." *Id.*

ENZC's Amended Complaint alleges that (1) ENZC was *not* a party to the Kona Note (D.I. 5, ¶¶4, 13); (2) that ENZC is *not* obligated to issue shares of ENZC to Kona pursuant to the Kona Note (D.I. 5, ¶¶4, 20); (3) ENZC does *not* owe any obligations to Kona under the Kona Note (D.I. 5, ¶27); (4) that ENZC is *not* the successor to the party obligated under the Kona Note (D.I. 5, ¶¶23-27); and (5) that Kona Note did *not* properly communicate a notice of conversion on November 14, 2020. (D.I. 5, ¶¶36-42).

6

The SACCs will clearly be mooted upon the disposition of ENZC's Complaint. The SACCs allege that Kona provided notice to ENZC for conversion of the Kona Note on November 14 and 15, 2020. (D.I. 40, ¶¶45-46). In the SACCs, Kona asks the Court to 1) order ENZC to convert the Kona Note into shares of ENZC or 2) order ENZC to pay damages for ENZC's refusal to convert the Kona Note. (D.I. 40, p. 11, "Prayer for Relief").  Kona's request that the Court find that ENZC was obligated to issue shares under the Kona Note is the mirror image of ENZC's Complaint – which claims that ENZC *was not* obligated to convert/issue shares under the Kona Note.

The only "case or controversy" before the Court in both ENZC's Declaratory Judgment Complaint *and* the SACCs is whether ENZC has any obligations to Kona under the Kona Note. The resolution of ENZC's declaratory judgment claim will decide whether ENZC owes any obligations to Kona under the Kona Note. Kona's counterclaims seek nothing more than specific enforcement and/or damages under the Kona Note and will be fully and completely resolved by deciding ENZC's Amended Complaint. Therefore, the relief sought by Kona in the SACCs is redundant.

Further, the "theories" underlying the SACCs are duplicative of Kona's affirmative defenses in its answer to ENZC's Amended Complaint, namely the Eighth Defense ("*Plaintiff's claims and/or the relief it seeks are barred by the doctrines of estoppel and unclean hands*") and Ninth Defense ("*Plaintiff's claims and/or the relief it seeks are barred by its own wrongdoing, misconduct and/or fraud*"). (D.I. 13, p. 8). Thus, Kona's legal position in opposition to ENZC's Complaint will be resolved upon adjudication of that Complaint, furthering the point that the SACCs are redundant.

If this Court were to allow the SACCs to stand based simply on the fact that Kona disagrees with ENZC's position in the Amended Complaint, all mirror-image declaratory judgment counterclaims would be permitted to proceed and filing of a declaratory judgment action would be completely pointless. As this Court held in *Peloton Interactive, Inc.*, a counterclaim under these circumstances should not stand – and an adjudication of the merits of the Amended Complaint and Kona's affirmative defenses will provide Kona the opportunity to counter ENZC's narrative of events. *Peloton Interactive, Inc.*, 2021 U.S. Dist. LEXIS 161573, at *6.

ENZC anticipates that Kona will argue that the SACCs are not redundant merely because they seek a different remedy from the declaratory judgment complaint, i.e. money damages and not declaratory relief. This argument fails for several reasons. First, Kona's argument makes no logical sense. ENZC's declaratory judgment complaint asks the Court to declare that ENZC does not owe any obligations under the Kona Note. Obviously, ENZC would have no reason to seek "money damages" in its declaratory judgment complaint because the entire purpose of the action is to obtain a declaration that Kona is not entitled to damages or enforcement of the Kona Note.

Second, the mere fact that requested damages are different does not change the relevant inquiry – whether there is a complete identity of factual and legal issues between the Amended Complaint and the SACCs. Just like in *Peloton Interactive, Inc.*, where the Court dismissed the redundant counterclaims, Kona must, but cannot, explain how any of its counterclaims are *not* rendered moot by an adjudication of ENZC's Amended Complaint. 2021 U.S. Dist. LEXIS 161573, at *5. The SACCs expressly request that the Court order ENZC to 1) convert the Kona Note or 2) pay damages for refusing to convert the Kona Note – which is literally the inverse argument made by ENZC in its Amended Complaint. Kona's insistence on pursuing these counterclaims, when the entire purpose of ENZC's Amended Complaint is to seek a determination

8

of whether ENZC is or was obligated to convert the Kona Note, defies comprehension and has continued to waste the parties' time and consume judicial resources throughout this life of this litigation. The SACCs are redundant and should be dismissed.

### C. KONA HAS NOT PLEAD FACTS TO SUPPORT A CLAIM FOR EQUITABLE ESTOPPEL.

In the SACCs, Kona again tries to advance an equitable estoppel claim based on the emails from Billy Ray, despite the Court's rejection of Kona's previous assertion of equitable estoppel based on the same emails. Just like the First Amended Counterclaim, the SACCs simply do not contain facts to raise a reasonable expectation that discovery will reveal evidence that Ray had apparent authority to bind ENZC or that Kona reasonably relied on Ray's representations to its detriment with respect to converting the Kona Note. Thus, Kona's equitable estoppel claim should be dismissed.

As noted in Judge Fallon's Report and Recommendation, to establish an equitable estopped claim under New York law, the party to be estopped must have (1) have made a false representation or concealed material facts; (2) had the intention that this misrepresentation would be acted upon by the other party; and (3) have knowledge of the real facts. *Rich v. Orlando*, 128 A.D.3d 1330, 1331 (N.Y. App. Div. 2015). Further, the party asserting estoppel must show: "(1) lack of knowledge of the true facts; (2) good faith reliance; and (3) a change of position." *Id. See also Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Management, L.P.*, 850 N.E.2d 653, 659 (N.Y. 2006) (discussing the purpose of the doctrine is to prevent injustice to a party who justifiably relied upon another's words or conduct to their disadvantage).

### 1. Kona Has Failed to Plausibly Allege that ENZC Made False Representations or Concealed Material Facts.

First, Kona has not identified any false representations made by ENZC, *material* facts that were concealed from Kona, or that that Kona lacked knowledge of any "true facts."

As the basis for its equitable estoppel claim, Kona identifies the following three statements made by Ray in November 2020 that it contends were false:

1) That ENZC could not initiate any conversions until November 26, 2020, at the earliest;

2) Kona would need to provide an opinion letter prior to any conversion; and

3) Kona had to wait to convert the Kona Note because of Ray's "situation."

(D.I. 40, ¶84(a)-(c))

Kona does not, however, offer any facts to suggest that any of those statements were false or that Kona had done what it was required to do in order to convert the Kona Note. Kona *does not* deny the existence of the notice provision of the Kona Note, *does not claim* lack of awareness of the notice provisions in the Kona Note, *does not contend* that ENZC concealed the notice provisions, *does not contend* that it attempted to comply with the notice provisions in the Kona Note, and *does not contend* that ENZC – or anyone from ENZC – made any false statement to Kona Note regarding the notice provisions of the Kona Note. As noted by the Court noted in dismissing Kona's First Amended Counterclaim, Kona Note has *still* failed to address the written notice requirement for conversion in the Kona Note or why Kona failed to comply.

Similarly, the SACCs fail to identify any "material facts" concealed by ENZC with respect to the Kona Note. Kona continues to make reference to ENZC's November 16, 2020 restructuring pursuant to DGCL 251(g) (referred to in the SACCs as the "Merger") – and imply that ENZC should have given notice to Kona of the Merger. (D.I. 40, ¶75-77). But Kona does not plausibly allege any facts to suggest that ENZC was obligated to provide Kona with notice of the Merger.

Kona merely alleges, out of nowhere, that "the Merger was perpetrated fraudulently and for the purpose of depriving shareholders, such as Kona, of their standing to bring a derivative action." (D.I. 40, ¶59). Kona offers no further context or explanation for the basis of this allegation – and gives no further information regarding any contemplated derivative actions. Rather, Kona merely contends that "other debtholders" were told about the Merger (D.I. 40, ¶75(a)-(d)), implying that this somehow lends credibility to Kona's specious theory. These assertions regarding third-parties, however, are irrelevant, and untethered and logically disconnected from Kona's groundless argument that ENZC was obligated to notify Kona about the Merger. In actuality, Kona is perfectly aware that there was no obligation, contractual or otherwise, to notify Kona of the Merger and its equitable estoppel and fraudulent misrepresentation claims are nothing more than a desperate attempt to salvage claims that, when actually examined, have no factual or legal basis.

### 2. Kona Cannot Demonstrate Justifiable Reliance or a Change of Position.

Second, the SACCs lack factual allegations, other than conclusions, to support the requisite elements of good faith reliance or a change of position - as noted by the Court in rejecting Kona's equitable estoppel argument in the First Amended Counterclaim. Kona's claim that Ray had apparent authority as a director or officer of ENZC is unsupported by any actual facts. As this Court held in dismissing the First Amended Counterclaim, even if the Court considers the full content of the emails, they  are "not sufficient to plead the equitable estoppel theory…" (D.I. 39, p. 9).

The SACCs do not contain *a single statement* made by any actual director or officer of ENZC that refer to Ray as an officer or director of ENZC. The only communication from ENZC cited in the SACCs is an October 5, 2020 email from CEO, Charles Cotropia, which merely suggested that Ray be on a call with an individual named Robert du Purton on a completely

unrelated topic. (D.I. 40, ¶42, Ex. B). Cotropia's email was *not* directed to Kona, had *nothing* to do with the Kona Note, did *not* state or suggest that Ray had *any* authority to bind ENZC, and was not even remotely connected to any of the matters at issue in this litigation.

Thus, without Cotropia's email, Kona's claims continue to rest entirely on the communications from Ray – which this Court has already found do not support Kona's equitable estoppel claim. As this Court noted in dismissing the First Amended Counterclaim, "Kona's argument that Ray's title imbues him with authority is unsupported." (D.I. 39, p. 9). Kona misleadingly alleges that Ray, in an email, informed Kona that "all future communications, including those concerning funding, should be directed to him." (D.I. 40, ¶69). A plain reading of the email, however, shows that Ray merely stated that communications concerning "funding responses" (**not the Kona Note**) should be directed to him and that he should be "copied" on all future communications. (D.I. 40, ¶¶44, 69; D.I. 40, Ex. C). Kona completely glosses over the fact that Ray's email 1) did not mention the Kona Note; 2) merely requested that he be copied on future communications, 3) was limited to "funding responses", 4) did not contain any suggestion that he had authority to bind ENZC (let alone any contention that held any position with ENZC) and 5) was limited to discussions for a *future* transaction. The notion that this email reasonably led Kona to believe that Ray was authorized to bind ENZC regarding the Kona Note (D.I. 40, ¶71) is groundless, unsupported and implausible.

Moreover, even if Ray's statements did contain material false statements (*which they did not*), and if Kona *did* show that Ray had apparent authority to bind ENZC (*which it has not*) Kona has not plead facts to support that it changed its position in any way based upon those statements. Kona merely alleges that ENZC "strung Kona along" in order to avoid conversion under the Kona Note. (D.I. 40, ¶56). Kona does not, however, plead any facts to explain *how* Kona relied upon

12

Ray's statements, *how* it changed its position as a result – and offers nothing more than a generalized conclusory statement regarding its purported reliance. The SACCs contain no facts that either ENZC or Ray ever mentioned the notice requirements or ever suggested that Kona was excused from complying with the notice requirements in the Kona Note. Kona attempts to distract the Court from its non-compliance with the notice requirements of the Kona Note and offers nothing to support the notion that it changed in position based upon any statements made by ENZC or Ray – a fundamental requirement of an equitable estoppel claim.

The SACCs are simply a recasting of Kona's previously dismissed breach of contract counterclaim. The fact remains that Kona was responsible for ensuring that it understood the terms of the Kona Note, and any purported reliance on any statement made by Ray in contravention of the terms of the Kona Note cannot provide the basis for an equitable estoppel claim. *See, e.g. Sofio v. Hughes*, 162 A.D.2d 518, 556 N.Y.S.2d 717 (2d Dept 1990)); *Koloski v. Metro. Life Ins. Co.*, 2004 NY Slip Op 51596(U), ¶ 11, 5 Misc. 3d 1028(A), 1028A, 799 N.Y.S.2d 161, 161 (Sup. Ct.). Kona did not comply with the terms of the Kona Note – and is responsible for the consequences.

### D. KONA HAS FAILED TO ALLEGE FACTS SUPPORTING THE ELEMENTS OF FRAUDULENT MISREPRESENTATION.

Kona's fraudulent misrepresentation counterclaim fails – for much of the same reason that the equitable estoppel claim fails. Specifically, Kona has not plead facts sufficient to satisfy the elements of 1) false statements, 2) justifiable reliance and 3) injury.

Under New York law, a claim for fraudulent misrepresentation requires a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury. *R. Vig Props., LLC v. Rahimzada*, 2023 NY Slip Op 00887, ¶ 1 (App. Div.); *citing Mandarin Trading Ltd. v*

*Wildenstein*, 16 NY3d 173, 178, 944 N.E.2d 1104, 919 N.Y.S.2d 465; *see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421, 668 N.E.2d 1370, 646 N.Y.S.2d 76).

1. **Kona Has Failed to Plausibly Allege that ENZC Made False Representations or Concealed Material Facts.**

For the same reasons that Kona has not plead facts to support that any false representations were made to support its equitable estoppel claim, Kona has not adequately plead the existence of false statements to support its fraudulent misrepresentation claim. Kona identifies the same three statements made by Ray in November 2020 that it contends are false:

1) That ENZC could not initiate any conversions until November 26, 2020, at the earliest;

2) Kona would need to provide an opinion letter prior to any conversion; and

3) Kona had to wait to convert the Kona Note because of Ray's "situation."

(D.I. 40, ¶84(a)-(c))

As ENZC has argued *supra,* Kona does not explain how, even if the statements by Ray were attributable to ENZC (which ENZC denies), any of the statements were false. Kona further does not address why it never fulfilled the requirements to convert the Kona Note. To avoid needless repetition, ENZC incorporates its argument *supra* regarding these statements into this section of the brief. The conclusion here is the same. Kona has offered **<u>no facts</u>** to support its allegation that the statements were false, or that as a result of these statements by Ray, "Kona was deceived to believe that it did not have to promptly submit a notice of conversation [sic]." (D.I. 40, ¶88).

2. **Kona Has Failed to Plausibly Allege Justifiable Reliance.**

Similarly, Kona cannot prove justifiable reliance with respect to its fraudulent misrepresentation claim – for the same reasons it is unable to demonstrate justifiable reliance to support its equitable estoppel claim. Thus, Kona incorporates the above arguments herein by

reference. To reiterate the previous arguments, not only has Kona failed to plead facts to establish Ray's apparent authority to speak on behalf of ENZC, but Kona cannot demonstrate its own reasonable reliance on any statements made by Ray. As described *supra*, there are no statements by ENZC that refer to Ray as an officer or director of ENZC, and no facts plead to explain *how* Kona relied upon Ray's statements. Moreover, Kona has not identified a single statement made by Ray which would have led Kona to believe that it did not have to submit a notice of conversion in compliance with the Kona Note's requirements. Again, Kona only has itself to blame for its admitted failure to comply with the notice requirements of the Kona Note.

### 3. Kona Has Failed to Plausibly Allege Proximate Causation of an Injury.

Lastly, even *if* Kona had adequately plead that ENZC made false statements and that Kona justifiably relied on those false statements, Kona has not plead facts to demonstrate that any of the foregoing proximately caused Kona to suffer an injury. This argument is analogous to Kona's failure to plead a change in position with respect to its equitable estoppel claim. Kona alleges that ENZC made false statements "for the purpose of inducing Kona to rely on them so that Kona would faile to provide for timely notice of conversion, and so that ENZC could avoid conversion under the Kona Note." (D.I. 40, ¶86). Kona further pleads that it "changed its position to its disadvantage as Kona was deceived to believe that it did not have to promptly submit a notice of conversation [sic]."  (D.I. 40, ¶88).

Kona's conclusory allegation lacks any factual support in the SACCs or the correspondences attached to the SACCs. Kona does not plead a single fact to support the allegation that Ray's statements caused it to change its position and not properly submit a Notice of Conversion. Again, neither the SACCs nor the emails attached contain any reference to the notice requirements in the Kona Note or any suggestion that Kona was excused from compliance

15

with those requirements. Without any supporting factual allegation, Kona has not plausibly alleged proximate causation thus, as a matter of law, the fraudulent misrepresentation should be dismissed.

### E.  KONA SHOULD NOT BE PERMITTED TO AMEND ITS COUNTERCLAIMS.

In the event that the Court grants ENZC's motion to dismiss, ENZC respectfully requests that the Court deny any request by Kona to amend its pleading for a third time. Even taking into account the liberal approach adopted by the Third Circuit to the amendment of pleadings, further amendment would be futile, in light of the reasons underlying the dismissal.

ENZC recognizes that the general rules is that leave to amend should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).. An amendment is futile if it "would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). "The standard for assessing futility is the 'same standard for legal sufficiency as applies under [Federal] Rule [of Civil Procedure] Rule 12(b)(6).'" *Great W. Mining & Min. Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

Here, if the Court grants ENZC's motion to dismiss, it would be the second adjudication of the merits of Kona's counterclaims, which Kona has now attempted to plead under three different legal theories (breach of contract, equitable estoppel, and fraudulent misrepresentation).

Denying Kona the opportunity to pursue its counterclaims does not prejudice Kona. The fundamental issue in this case is whether ENZC owes any obligation to Kona under the Kona Note – and that issue is already before the Court. On the other hand, it would be prejudicial to ENZC to continue to have to defend against counterclaims that have no legal or factual foundation. Most

importantly, given the fact that Kona has now failed to state a claim for the same claims under three different legal theories, any further amendments would be futile.

## **CONCLUSION**

For the foregoing reasons, ENZC respectfully requests that this Court grant its motion to dismiss Kona's Second Amended Counterclaims.

Respectfully Submitted,

By:   _____
     Antranig Garibian, Esq.
     Brandywine Plaza East
     1523 Concord Pike, Suite 400
     Wilmington, DE  19803
      (302) 722-6885 – o
     ag@garibianlaw.com
     *Attorney for Plaintiff/Counterclaim Defendant, Enzolytics, Inc.*