IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENZOLYTICS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 21-1599-RGA |
| | : | |
| CIMARRON CAPITAL, LTD., | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

| | | |
|---|---|---|
| ENZOLYTICS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 21-1600-RGA |
| | : | |
| KONA CONCEPTS, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER**

I have a stipulated extension of the schedule (D.I. 58-1) that is accompanied by a letter that says "the pretrial conference and trial dates . . . are not affected by the Proposed [extension]." (D.I. 58).[1] This was the same language used by the last request for an extension. (D.I. 35). Right now, the pretrial conference is set for March 15, 2024, with a trial set for ten days later. (D.I. 21).

---

[1] In No. 21-1600, essentially the same schedule is at issue. So, I only cite the docket in No. 21-1599.

The stipulation makes the fact discovery cut-off 90 days from the trigger date (which is "this Court's ruling . . . on a motion to dismiss a counterclaim"), to be followed by 90 days for expert reports and 60 days for expert depositions. That's 240 days or 8 months.

The motion to dismiss that is the trigger is going to be argued to a magistrate judge on May 23rd. If the magistrate judge decides the motion on May 23rd, and the parties agreed that no one would object to the ruling, that would still extend the discovery schedule to at least mid-January 2024. Of course, if the magistrate judge took a reasonable amount of time to rule, and then there were objections and I took a reasonable time to rule, that schedule would result in expert discovery being completed only after the trial had already taken place.

The stipulated extension says no "remaining" deadlines, presumably including the deadline for dispositive and Daubert motions, are affected. The original scheduling order has dispositive and Daubert motions due on November 17, 2023. (D.I. 21). Maybe the parties are waiving the right to file such motions? There is certainly no time for them if the pretrial conference and trial dates are to be maintained, which is what the parties seem to imply that they want to do.

I cannot make any sense of the stipulation. Therefore, I am going to deny the stipulation (D.I. 59-1) without prejudice to the submission of a workable proposal by the parties.

IT IS SO ORDERED this 16th day of May 2023.

/s/ Richard G. Andrews
United States District Judge