IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZOLYTICS, INC., ) <br> ) <br>  Plaintiff/Counterclaim Defendant, ) <br> ) <br> v. ) <br> ) <br> KONA CONCEPTS, INC., ) <br> ) <br>  Defendant/Counterclaim Plaintiff. ) | Civil Action No. 21-1600-RGA |

### REPORT AND RECOMMENDATION

Presently before the court in this declaratory judgment action arising from the parties' contractual obligations is the motion of Enzolytics, Inc. ("ENZC") to dismiss defendant Kona Concepts, Inc.'s ("Kona") second amended counterclaims ("SACC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 44)[1] For the following reasons, I recommend GRANTING ENZC's motion and dismissing Kona's counterclaims with prejudice.

### I.   BACKGROUND

This case arises from the alleged failure of ENZC to convert a promissory note into shares of common stock. A more detailed account of the facts can be found in the court's prior Report and Recommendation granting ENZC's motion to dismiss Kona's first amended counterclaim ("FACC"), which was adopted on February 28, 2023. (D.I. 39; D.I. 41) A brief summary of those facts suffices here, with a focus on allegations unique to the SACC. In accordance with the applicable legal standard, the facts alleged in the SACC are taken as true for purposes of the pending motion.

---

[1] The briefing associated with the pending motion is found at D.I. 45, D.I. 47, and D.I. 50.

In the SACC filed on February 27, 2023, Kona dropped its counterclaim for breach of contract and asserted two tort claims for equitable estoppel (Count I) and fraudulent misrepresentation (Count II). (D.I. 40 at ¶¶ 67-89)  To support these counterclaims, Kona alleges that an individual named Billy Ray sent an email to Kona on October 27, 2020, holding himself out as an officer of ENZC and informing Kona that communications about funding should be directed to him. (*Id.* at ¶ 44; Ex. C)  Ray copied Charles Cotropia, the CEO of ENZC, and Harry Zhabilov, an officer of ENZC, in the email. (*Id.*)

On November 14 and 15, 2020, Kona emailed Zhabilov and Ray to request conversion of the promissory note into shares of common stock. (*Id.* at ¶¶ 45-46; Exs. D-E)  Ray responded on November 16, 2020, requesting an opinion letter from Kona prior to the conversion and stating that conversion would have to wait until at least November 26, 2020. (*Id.* at ¶ 48; Ex. G)  Despite this representation, a merger was consummated on November 16 and ENZC issued shares of common stock on favorable terms to other entities upon conversion of their debentures. (*Id.* at ¶¶ 55, 58; Ex. H)  The SACC alleges that the intended purpose of the merger was to defraud stakeholders like Kona, and ENZC's failure to convert the promissory note caused Kona to suffer monetary damages. (*Id.* at ¶¶ 59, 63-64)

## II.  LEGAL STANDARD

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).  "[C]ourts use the same standard in ruling on a motion to dismiss a

2

counterclaim under Rule 12(b)(6) as they do in assessing a claim in a complaint." *Lieberman v. BeyondTrust Corp.*, C.A. No. 19-1730-RGA, 2020 WL 1815547, at *1 (D. Del. Apr. 9, 2020).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555–56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

For fraud claims there is a heightened pleading requirement. *U.S. ex rel. Whatley v. Eastwick Coll.*, 657 F. App'x 89, 93 (3d Cir. 2016). "[A] party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this standard, "the plaintiff

3

must plead or allege the date, time and place of the alleged fraud." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

## III. DISCUSSION

In support of its motion to dismiss, ENZC argues that the SACC is redundant of its declaratory judgment complaint and Kona fails to plausibly plead equitable estoppel or fraudulent misrepresentation. (D.I. 45 at 2–3) For the reasons discussed below, Kona has not plausibly pled counterclaims for equitable estoppel or fraudulent misrepresentation. Consequently, I recommend that the court GRANT ENZC's motion to dismiss the SACC with prejudice.

### A. The SACC Does Not Plead a Plausible Claim for Equitable Estoppel

As this court noted in its prior Report and Recommendation, to claim equitable estoppel under New York law, the party to be estopped must (1) make a false representation or conceal material facts; (2) intend that this misrepresentation will be acted upon by the other party; and (3) have knowledge of the true facts. *Rich v. Orlando*, 128 A.D.3d 1330, 1331 (N.Y. App. Div. 2015). Further, the party asserting estoppel must show: "(1) lack of knowledge of the true facts; (2) good faith reliance; and (3) a change of position." *Id.* At oral argument on May 23, 2023, counsel for Kona acknowledged that equitable estoppel is usually asserted as an affirmative defense. (5/23/2023 Tr.); *see also Capstone Asset Mgmt. Co. v. Dearborn Cap. Grp. LLC*, 2021 WL 4250087, at *7-8 (S.D.N.Y. Sept. 17, 2021) (concluding that "equitable estoppel does not constitute an independent cause of action under New York law.").

The court previously dismissed Kona's FACC because "[t]he FACC fail[ed] to allege any facts supporting the elements of equitable estoppel nor does the FACC even mention the phrase." (D.I. 39 at 9) Furthermore, the court did not find that Kona sufficiently alleged reasonable

4

reliance upon Ray's representation because the only allegation remotely related to Ray's authority was one line in the FACC where Kona alleged Ray was "an individual and an officer of [ENZC]." (*Id.*; *see* D.I. 26 at ¶ 7)

Here, the SACC attempts to correct those deficiencies by alleging that Ray had the authority, or at least held himself out to have the authority, to bind ENZC when he falsely represented that the debentures could not be converted until at least November 26 and Kona would need to provide an opinion letter prior to the conversion.[2] (D.I. 40 at ¶¶ 71-73) Apparent authority requires "words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction." *ER Holdings, LLC v. 122 W.P.R. Corp.*, 65 A.D.3d 1275, 1277 (N.Y. App. Div. 2009).

Kona alleges that the SACC's description of Ray's email communications is sufficient to establish his apparent authority because Cotropia and Zhabilov were copied on those communications and made no attempt to disavow Ray's assertion of authority on behalf of ENZC. (D.I. 47 at 14) Under New York law, a principal's silence can be sufficient to create apparent authority. "For instance, a principal cannot deny the apparent authority of its agent when it remains 'silent when [the principal] had the opportunity of speaking and when he knew or ought to have known that his silence would be relied upon.'" *Mun. Corp. of Bremanger v. Citigroup Glob. Mkts. Inc.*, 555 F. App'x 85, 88 (2d Cir. 2014) (quoting *Sci. Holding Co. v. Plessey, Inc.*, 510 F.2d 15, 25 (2d Cir. 1974)).

---

[2] At oral argument, counsel for Kona suggested that apparent authority could be adequately pled even if Ray did not have authority to bind ENZC. (5/23/2023 Tr.) However, the SACC plainly states that "Ray had the authority, or at least held himself out to have the authority, to bind ENZC." (D.I. 40 at ¶ 71)

5

But in this case, the SACC's pleaded allegations regarding Ray's apparent authority are not supported by a fair reading of the underlying email communications, which were attached to and incorporated by reference in the SACC. Ray's email on October 27, 2020 asked a Kona representative to "make sure that all future communications are copied to me" after providing information on a potential future transaction. (D.I. 40, Ex. C) And on November 16, 2020, Ray emailed Kona saying that Kona would need an opinion letter and would have to wait until at least November 26 before the requested conversion could be completed. (*Id.*, Ex. G) These communications do not state or imply that Ray is an officer of ENZC or had authority to bind ENZC with respect to the promissory note, and nowhere in the emails did Cotropia or Zhabilov instruct Kona to consult with Ray about conversion of the promissory note. Nor did Cotropia or Zhabilov silently acquiesce to Ray's authority in the October 27 email because that email did not address conversion of the note, nor did it suggest in any way that Ray was an officer of ENZC. (*Id.*, Ex. C) Because Kona points to allegedly false statements made by Ray, without adequately pleading that Ray had the authority to convert the promissory note, Kona's counterclaim for equitable estoppel does not plausibly establish the first element of the cause of action. *See ER Holdings*, 65 A.D.3d at 1277 (explaining that the principal must communicate to the third party through words or conduct the authority of the agent).

Kona's equitable estoppel counterclaim also fails to plausibly allege that Kona justifiably relied on Ray's alleged misrepresentations. The SACC's allegations on justifiable reliance are conclusory and unsupported by facts: "Enzolytics sent Kona Ray's emails . . . to have Kona rely upon the false representations made that conversions could not occur until November 26, 2020, at the earliest" and "Kona justifiably relied upon the emails Enzolytics sent . . . that conversions could not occur until November 26[.]" (D.I. 40 at ¶¶ 53-54) In its answering brief, Kona

6

maintains that ENZC was a private company at the time, and Kona had no way to perform additional diligence through independent means beyond direct communication from ENZC. (D.I. 47 at 16-17) As the court cautioned in its Report and Recommendation on the FACC, the SACC cannot survive dismissal based on facts and theories raised for the first time in Kona's answering brief. (D.I. 39 at 9) (citing *Abercrombie v. Andrew College*, 438 F. Supp. 2d 243, 265-68 (S.D.N.Y. 2006)). For these reasons, I recommend that the court GRANT ENZC's motion to dismiss Kona's equitable estoppel counterclaim.

### B. The SACC Does Not Plead a Plausible Claim for Fraudulent Misrepresentation

Kona's SACC also alleges a tort claim for fraudulent misrepresentation. (D.I. 40 at ¶¶ 83–89) Under New York law, a party asserting a fraudulent misrepresentation claim must show: (1) a misrepresentation or a material omission of fact; (2) such misrepresentation was false and known to be false by the defendant; (3) the defendant made the misrepresentation for the purpose of inducing the other party to rely upon it; (4) the other party did justifiably rely on the misrepresentation or material omission; and (5) injury resulted. *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1108 (N.Y. 2011). A cause of action for fraudulent misrepresentation is subject to the heightened pleading standard of Rule 9(b). *See Montero v. Teva Pharms. USA Inc.*, 2020 WL 1862593, at *4 (S.D.N.Y. Apr. 14, 2020) (citing cases).

As with Kona's counterclaim for equitable estoppel, Kona's fraudulent misrepresentation counterclaim requires plausible allegations of a misrepresentation of material fact and justifiable reliance. For the reasons stated at § III.A, *supra*, the SACC fails to plausibly satisfy these elements, let alone meet the heightened standard of Rule 9(b). Consequently, I recommend that the court dismiss Count II of the SACC for fraudulent misrepresentation.

### C. Leave to Amend the SACC Should Be Denied

The SACC represents Kona's third bite at the apple for asserting counterclaims against ENZC. (D.I. 13; D.I. 26; D.I. 40) After the court granted dismissal of Kona's FACC, Kona abandoned its breach of contract theory and instead asserted new theories of equitable estoppel and fraudulent misrepresentation based largely on the same set of facts. (D.I. 40; D.I. 41) For the reasons stated at § III.A-B, *supra*, Kona has again failed to plausibly plead its counterclaims. Under these circumstances, it would be futile to permit further amendment of the counterclaims. *See Singh v. Droppa*, 2023 WL 3689565, at *5 (D.N.J. May 26, 2023) (citing cases supporting denial of leave to amend and dismissal with prejudice after three chances to perfect the pleading).

Having recommended that Counts I and II of the SACC should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6), and having determined that leave to amend should not be permitted, the court need not reach the issue of whether Kona's counterclaims are redundant and would become moot upon disposition of the complaint. (D.I. 45 at 6-8)

### IV. CONCLUSION

For the foregoing reasons, I recommend GRANTING ENZC's motion to dismiss with prejudice Kona's counterclaims for equitable estoppel and fraudulent misrepresentation. (D.I. 44)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10)

pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: May 31, 2023

Sherry R. Fallon
United States Magistrate Judge