**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ENZOLYTICS, INC.,** | : | **C.A. No. 1:21-cv-01600-RGA** |
| | : | |
| Plaintiff/Counterclaim Defendant, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **KONA CONCEPTS, INC.** | : | |
| | : | |
| Defendant/Counterclaim Plaintiff | : | |

**RESPONSE OF ENZOLYTICS, INC. TO KONA CONCEPTS, INC.'S OBJECTIONS TO
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS
DISMISSING KONA CONCEPTS, INC.'S SECOND AMENDED COUNTERCLAIMS**

Respectfully Submitted,

_____
By: Antranig Garibian, Esq.
Garibian Law Offices, P.C.
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE  19803
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Plaintiff/Counterclaim Defendant,*
*Enzolytics, Inc.*

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

SUMMARY OF ARGUMENT ............................................................................................. 1

STANDARD OF REVIEW ................................................................................................... 2

ARGUMENT ......................................................................................................................... 4

I.      KONA'S ADDITIONAL EVIDENCE SHOULD NOT BE CONSIDERED. ................ 4

II.     KONA'S PROPOSED THIRD AMENDED COUNTERCLAIMS ARE FUTILE AND DO NOT STATE A CLAIM AGAINST ENZC .................................................................. 7

CONCLUSION ....................................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434 (S.D.N.Y. 2005)..............................................3, 7

*Leonard v. Stemtech Health Scis., Inc.*, 2012 U.S. Dist. LEXIS 42743 (D. Del. Mar. 28, 2012) .....2

*Morris v. Amalgamated Lithographers of Am., Local One*, 994 F. Supp. 161 (S.D.N.Y. 1998) ......3

**Statutes**

28 U.S.C. § 636(b)(1)(C) ..............................................................................................................3

**Rules**

D. Del. LR 1.1(d) ..........................................................................................................................2

Fed. R. Civ. P. 72(b) .....................................................................................................................2

## SUMMARY OF ARGUMENT

Enzolytics, Inc. ("ENZC") submits this opposition to Kona Concepts, Inc.'s ("Kona's") objections to the Magistrate Judge's Report and Recommendation recommending dismissal of Kona's Second Amended Counterclaims and denial of Kona for a *fourth* opportunity to assert counterclaims against ENZC. In its objections, Kona does not dispute that the counterclaims should have been dismissed but merely argues that it should be given the opportunity to once again file amended counterclaims.

The Magistrate Judge was correct in denying Kona's request to file a fourth set of counterclaims. In doing so, the Magistrate Judge clearly intended to protect both ENZC and the Court from wasting more time and resources on Kona's everchanging positions and theories – none of which meet even the most basic legal thresholds. Kona has had ample opportunity to properly bring any claims against ENZC – and has failed to do so. Prior to this case being filed, Kona tried and failed twice in Texas (once in state court and once in federal court) to pursue claims against ENZC arising out of the same set of facts. Both attempts failed. Now, here in Delaware, Kona has unsuccessfully tried three times to bring claims against EZNC arising out of the same facts and to date, has failed to assert a legal cognizable claim. Kona's latest attempt to introduce new evidence to support its flawed counterclaims is not only improper, but it is substantively inconsequential. As explained herein the proposed Third Amended counterclaims will be met similarly with motions to dismiss based on the same inadequacies that were fatal to the First and Second Amended Counterclaims.

## STANDARD OF REVIEW

ENZC agrees with Kona that, in reviewing the Report and Recommendations, this Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

As for the proposed evidence submitted by Kona, the Court may – but is not required to - consider anything which was not submitted to the magistrate judge, if necessary, in order to rule on objections to a Report and Recommendation received from a Magistrate Judge. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."); *see Leonard v. Stemtech Health Scis., Inc.*, No. 08-067-LPS-CJB, 2012 U.S. Dist. LEXIS 42743, at *6-7 (D. Del. Mar. 28, 2012). The USDC DE Local Rules recognize the discretion of any judge to act "in the interests of justice" in any particular case. *Id.* (citing D. Del. LR 1.1(d) ("The application of the Rules in any case or proceeding may be modified by the Court in the interests of justice.")).

Here, however, the interests of justice favor the Court exercising its discretion and *not* considering Kona's proposed Third Amended Counterclaims, or the exhibits and affidavits that are attached, which themselves will not survive a motion to dismiss and which should have and could have been produced far earlier. As noted by the USDC SDNY, there are compelling reasons for the Court to deny Kona's eleventh-hour attempt to supplement the record:

"Section 636(b)(1)(C) of the Judicial Code, 28 U.S.C. § 636(b)(1)(C), which provides for district court reviews of reports and recommendations by magistrate judges provides in Part that 'the judge may also receive further evidence …' in the course of such a review. But the statute is permissive, not mandatory. While there may be cases in which the receipt of further evidence is appropriate, there are substantial reasons for declining to do so as a general matter. First, permitting such piecemeal presentation of evidence is exceptionally wasteful of the time of both the magistrate and district judges, the former having been compelled to write an arguably useless report based on less than the universe of relevant evidence and the latter being deprived of the benefit of the magistrate judge's considered view of the entire record. Second, opposing parties would be put to the burden of proceedings which, to a considerable degree, would be duplicative. Third, there would be instances in which parties would be encouraged to withhold evidence, particularly evidence which might be embarrassing as well as helpful on the merits, in the expectation of using it before the district judge only if they failed to prevail before the magistrate judge on a more abbreviated showing. Finally, the routine consideration of evidence in support of objections which could have been presented before the magistrate judge would reward careless preparation of the initial papers."

*Morris v. Amalgamated Lithographers of Am., Local One*, 994 F. Supp. 161, 163 (S.D.N.Y. 1998)

Kona does not acknowledge or make any attempt to explain the passage of time or why this information was not provided to the Magistrate Judge. Kona should not be permitted to submit additional evidence with its objections to a magistrate judge's report and recommendation unless its reasons for not submitting this evidence to magistrate are persuasive. *See Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 439 , 2005 U.S. Dist. LEXIS 4950 (S.D.N.Y. 2005). Kona has offered *no* explanation at all for its delay in producing this information – let alone a compelling one.

3

## ARGUMENT

I.   **KONA'S ADDITIONAL EVIDENCE SHOULD NOT BE CONSIDERED.**

In the report, the Magistrate Judge accurately pointed out that Kona had *three* bites at the apple for asserting counterclaims against ENZC in this action. (D.I. 64, p. 8). Kona takes issue with that, contending that the first amendment was "not the product of motion practice or judicial disposition" (D.I. 68) – an irrelevant point that ignores the Magistrate Judge's well-founded concerns about Kona's continued waste of the Court's time and resources.

Kona could have, but never did, move to amend its counterclaims, to add the information it would have included in the amended counterclaim. Instead, Kona mocked even the suggestion that amendment would be futile. In support of its motion to dismiss the Second Amended Counterclaims, ENZC argued that amendment would be futile given Kona's failure to plead facts to support its claims. (D.I. 45, pp. 3, 17-18). In its opposition, instead of substantively addressing *how* it would amend its Second Amended Counterclaims, Kona blithely dismissed ENZC's argument as "rapacious" (D.I. 47, p. 19) without offering anything substantive to refute ENZC's position. Kona's conscious decision to rely on mere rhetoric wasted an obvious opportunity to identify the facts that it would have added to any proposed Third Amended Counterclaims.

After failing to address the issue in its papers, Kona squandered yet *another* opportunity at the May 23, 2023 hearing in front of the Magistrate Judge – a hearing which *Kona* requested. (D.I. 52) A true and correct copy of the transcript of the May 23, 2023 hearing is attached hereto as Exhibit A[1]. Despite the fact that Kona had requested the hearing, Kona's counsel acknowledged that he was unprepared to address either the facts or the law supporting Kona's arguments or to

---

[1] The transcript received from the Court mistakenly lists the date of the hearing as June 5, 2023. The hearing was held on May 23, 2023 in front of the Honorable Sherry R. Fallon.

4

even answer the most basic questions about the elements of Kona's counterclaims (Ex. A, 36:17-25).

At the hearing, Kona's counsel acknowledged that he was "rapidly recognizing the factual deficiencies" in the Second Amended Counterclaim – stating that it "behooves me to seek leave to file a third amended [counterclaim] at this time and be able to address the issues that [the Magistrate Judge has] raised at this hearing without further effort on the Court." (Ex. A, 42:24-14). But Kona's counsel offered nothing more to the Magistrate Judge – no discussion of any additional claims, facts witness or evidence that Kona might attach to an amended pleading. Even *after* the hearing, Kona did not file any motions for leave to amend – and simply elected to stand on the pleadings that it had filed. Kona clearly miscalculated – and is now trying to avoid the consequences of its decision.

Furthermore, even at this late stage, Kona's arguments have not improved at all and remain inconsistent and erratic. At the hearing, the Magistrate Judge expressed concern that Kona had made the deliberate decision to abandon a breach of contract claim, asking how Kona would be able to obtain contractual relief without a breach of contract claim (Ex. A, 44:5-19) Kona's counsel responded that "equity should be done" and that "an equitable resolution to this matter would be an issuance of shares…" (Ex. A, 44:20-45: 34) When asked about the possibility of yet another amended counterclaim, Kona's counsel stated that although money damages were recoverable, that for fraudulent misrepresentation and equitable estoppel claims, "money damages would not be – is appropriate in a fraudulent misrepresentation case and equitable estoppel, so whether the actual notes are converted or whether just issuance of shares is made might be a better way of putting that prayer for relief." (Ex. A, 45:2-10)

Yet, despite Kona's concession in Court that money damages are *not* an appropriate remedy for fraudulent misrepresentation and equitable estoppel claims, Kona's proposed Third Amended Counterclaims seek **money damages** under the theories of equitable estoppel and fraudulent misrepresentation – which is exactly what Kona's counsel stated **would not be appropriate.**

As if that were not enough, the reality is that Kona has had *more* than three opportunities to submit the evidence it now (incorrectly) claims will save its counterclaims. Prior to ENZC bringing this declaratory judgment action, Kona filed two separate actions in Texas against ENZC for these very same claims– both of which were dismissed and which led ENZC to file this declaratory judgment action to resolve these disputes once and for all (D.I. 5, ¶5). First, on February 12, 2021, Kona filed a "Verified Petition" in the state of Texas to take depositions to "investigate potential claims." A true and correct copy of the petition is attached hereto as Exhibit B. A hearing was held on March 30, 2021 where ENZC appeared to defend itself. After that hearing, the Texas State Court denied Kona's request to conduct pre-suit depositions. (Exhibit B, page 16). Thereafter, on April 22, 2021, Kona filed suit against Enzolytics for claims identical to the counterclaims it has repeatedly attempted to bring in this action. A true and correct copy of the USDC TX Complaint is attached hereto as Exhibit C. On June 24, 2021, without explanation, Kona dismissed the USDC TX matter without prejudice. (Exhibit C, page 23) Therefore, even before the three chances Kona had in this Court to assert its claims, Kona had ***two chances*** in Texas and failed both times.

Thus, as the Court can see, this dispute and Kona's futile attempts to assert claims against ENZC have been going on for two and a half years – before this declaratory judgment action was filed by ENZC. Here in Delaware, ENZC has successfully moved *twice* to dismiss Kona's

counterclaims – and asks this Court to allow this declaratory judgment action to proceed without the distraction of Kona's flawed claims.

What is most egregious is that Kona does not even attempt to provide any reason – let alone a compelling one - as to why the information and affidavits that Kona now tries to introduce could not have been submitted to the magistrate judge. Kona cannot be permitted to "use litigation before a magistrate judge as something akin to spring training exhibition game, holding back evidence for use once the regular season begins before the district judge." *Hous. Works, Inc.*, 362 F. Supp. 2d at 438, 2005 U.S. Dist. LEXIS 4950 (S.D.N.Y. 2005). Yet this is exactly what Kona is attempting to do. Absent a most compelling reason, the submission of new evidence in conjunction with objections to the Report and Recommendation should not be permitted. *Id.* Consideration of evidence in support of objections that could have been presented before magistrate would reward Kona's careless preparation of its papers – which the USDC SDNY in *Morris v. Amalgamated Lithographers of Am., Local One* cautioned against. Kona's conduct should not be rewarded. Moreover, as explained below, Kona's new "evidence" will not change the ultimate result or legal conclusion.

## II.   KONA'S PROPOSED THIRD AMENDED COUNTERCLAIMS ARE FUTILE AND DO NOT STATE A CLAIM AGAINST ENZC.

First, Kona has still not addressed how ENZC, which did not even exist at the time of the alleged misconduct, can be liable to Kona under any legal theory. This is not a new argument – and was specifically brought up by ENZC's counsel in front of the Magistrate Judge at the May 23, 2023 hearing. (Ex. A 16:13-14:5; 19:22-20:6). In fact, Kona could have brought these claims against the true counterparty to the contract at issue, ENZC's subsidiary, but stubbornly refuses to do so. At the hearing, this was not only referenced by ENZC's counsel (Ex. A, 10:7-15) but also

by the Magistrate Judge. Notably, Kona's counsel conceded that ENZC was not even in existence in October 2020, during the time of the alleged misrepresentations:

```
2              THE COURT:  And am I to apply
3       Mr. Aiello's subjective perception of what he
4       believed was someone who says "I'm handling
5       this," therefore that imbues that person with
6       ultimate authority to bind the company or
7       successor companies?  Because Enzolytics wasn't
8       in existence in October, was it?
9              MR. MULDOON:  No.
```

Ex. A, 31:2-8

Second, Kona has yet to explain why the contract at issue in this matter does not govern its claim – and why recovery in tort would be appropriate in light of the existence of an enforceable contract. This is yet another fatal flaw in Kona's claims that, if they were allowed to proceed, would be the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Third, Kona refuses to recognize or deal with a major theme of both of the Magistrate Judge's reports – that a third-party cannot give himself authority on behalf of a principal to create apparent authority. Kona continues to insist that Kona's subjective perceptions should be imposed on ENZC (who was not even in existence at the time), despite the fact that there is no ratifying act on the part of ENZC. On this point, it is significant that Kona does not object to the dismissal itself – but merely wants to try for a fourth time to creatively assert its claims. The Third Amended Counterclaims, however, will fare no differently – as Kona merely now attempts to introduce the perceptions of *third parties* – who are even further attenuated from Kona's own claims – to argue that apparent authority existed. This is all just a distraction from the undisputed fact that there is

no fact to support that Billy Ray had actual or apparent authority to bind ENZC with respect to the transaction at issue. For that reason alone, Kona's proposed counterclaims will fail.

## **CONCLUSION**

Kona's untimely attempt to add facts to its claim is improper and will not change the ultimate result. Kona's claims against ENZC are not only legally defective – but they have been brought against the *wrong* entity - which was not even in existence at the time of the alleged misconduct. For all of the reasons stated herein, the Magistrate Judge's decision to dismiss the Second Amended Counterclaims and deny Kona a fourth bite at the apple was correct and ENZC requests that the Court adopt the report in its entirety.

Respectfully Submitted,

By:    Antranig Garibian, Esq.
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE  19803
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Plaintiff/Counterclaim Defendant, Enzolytics, Inc.*

9