IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENZOLYTICS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 21-1600-RGA |
| | : | |
| KONA CONCEPTS, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Plaintiff and Defendant have a dispute about Plaintiff's not converting a promissory note into common stock.

The relevant underlying events occurred in November 2020. Defendant filed suit in April 2021 in the United States District Court for the Eastern District of Texas concerning the same events. (D.I. 1 at 8; D.I. 13 at 6). Defendant voluntarily dismissed that suit two months later. Plaintiff subsequently filed the declaratory judgment action in this case in November 2021.[1] Defendant's answer in March 2022 asserted ten affirmative and other defenses. (D.I. 13). I entered a scheduling order in April 2022. Amended pleadings were due no later than May 31, 2022. (D.I. 22 at 1). On April 18, 2022, Defendant filed a "first amended counterclaim" for breach of contract. (D.I. 26). Plaintiff moved to dismiss the counterclaim, which I referred to a Magistrate Judge. While this motion was under consideration, the parties stipulated, and I so ordered, an extension to portions of the scheduling order, but not to the deadline for amended

---

[1] Defendant is a Nevada corporation with a principal place of business in Florida, and its counterclaim(s) are apparently governed by New York law. Defendant nevertheless did not contest personal jurisdiction or venue.

pleadings. (D.I. 37).[2] The Magistrate Judge recommended I grant the motion to dismiss the first amended counterclaim. (D.I. 39). The Magistrate Judge also recommended Defendant be allowed to amend its pleading. No one filed objections. Defendant filed a "second amended counterclaim" on February 27, 2023, asserting two different counterclaims, one for equitable estoppel and the other for fraudulent misrepresentation. (D.I. 40). Plaintiff filed a motion to dismiss both counterclaims. (D.I. 44). After briefing and oral argument, the Magistrate Judge recommended I grant the motion to dismiss and deny Defendant's request to amend its counterclaims (which was made in briefing (D.I. 47 at 18-19) and at oral argument (D.I. 69-1 at 43)). (D.I. 64). Defendant filed an objection (D.I. 68) with twenty-one exhibits, one of which is a proposed third amended counterclaim. Most or all of the other exhibits were not presented to the Magistrate Judge. The sole basis for objection was that the Magistrate Judge should have permitted another attempt at amending the counterclaims.

The Magistrate Judge recommended denying leave to amend on the basis of futility.[3] (D.I. 64 at 8). Defendant's objection is essentially based on its proposed third amended counterclaim, which was not before the Magistrate Judge. An objection based on materials that could easily have been presented to the Magistrate Judge, but which were not, is not a good basis for finding error in her decision. If allowed in this case, it would also cause a significant waste

---

[2] The parties later submitted another proposed amendment to the scheduling order (D.I. 59), which made no sense, and I denied it without prejudice. (D.I. 61). It did not propose any amendment to the deadline for amended pleadings. The parties later proposed holding "the current case deadlines in abeyance." (D.I. 62 at 1). I entered their proposed order to that effect. (D.I. 63). I do not interpret the order I entered as re-opening the deadlines that had long since passed, including the deadline for amending pleadings.

[3] Although not the basis for the Magistrate Judge's recommendation to dismiss, the Magistrate Judge noted in passing that one of the two counterclaims—equitable estoppel—is likely not even an independent cause of action under New York law. (D.I. 64 at 4).

of judicial resources. I do not believe I have to consider the new materials, and I decline to do so. Without them, Defendant has no argument at all.

I would also note that there is no good cause for allowing amendment of the pleadings submitted more than a year after the May 31, 2022 deadline in the scheduling order. Fed. R. Civ. P. 16(b)(4). Defendant's shambolic approach to presenting its putative counterclaims has caused inordinate delay in moving this case along, and it is clear that the third amended complaint would simply introduce another six months or so of delay as Plaintiff, based on its response to the objection (D.I. 69), would certainly move to dismiss it too.

The Report and Recommendation (D.I. 64) is ADOPTED. The motion to dismiss (D.I. 44) is GRANTED. The two counterclaims of the second amended counterclaim (D.I. 40) are DISMISSED.

IT IS SO ORDERED this 5th day of September 2023.

*Richard G. Andrews*
United States District Judge